**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

ALBERT HARRIOTT,

**CIVIL RIGHTS**

**COMPLAINT PURSUANT TO**

Plaintiff, Pro Se,

**42 USC s 1983**

**JURY TRIAL**

**NOTICE OF MOTION**

ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS;
KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN,
Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical
Officer with the NYSDOCCS; THOMAS J. LOUGHREN, State Commissioner
With the NYSDOCCS; P. CHAPPIUS, Superintendent with the NYSDOCCS;
M. KIRKPATRICK, Superintendent with the NYSDOCCS; C. MILLER,
Superintendent with the NYSDOCCS; D. ULHER, Superintendent with the
NYSDOCCS; P. PICCOLO, Superintendent with the NYSDOCCS;
T. McCARTHY, Superintendent with the NYSDOCCS; M. KOPP,
Superintendent with the NYSDOCCS; M. CAPRA, Superintendent with the
NYSDOCCS; A. LaMANA, Superintendent with the NYSDOCCS; DANIEL
MARTUSCELLO, Commissioner of the NYSDOCCS; TINA STANFORD,
Chairwoman Board of parole with the NYSDOCCS; A. RODRIGUEZ,
Director of the SHU with the NYSDOCCS; ANNE T. SULLIVAN,
Commissioner of OMH with the NYSDOCCS; JEFF McKOY, Deputy
Commissioner with the NYSDOCCS; S. MALOZZI, Director of the IGP
With the NYSDOCCS; D. LaDOUE, Food Service Administrator with the
NYSDOCCS; REINHART, Deputy Superintendent of Programs with the
NYSDOCCS; BARTLETT, First Deputy Superintendent with the NYSDOCCS;
DONAHUE, First Deputy Superintendent with the NYSDOCCS; COREY,
Deputy Superintendent of Security with the NYSDOCCS; C. SMITH,
Assistant Deputy Superintendent with the NYSDOCCS; FOOD SERVICE
ADMINISTRATOR, (Five Points C.F.) with the NYSDOCCS; McINTOSH,
Deputy Superintendent of Programs with the NYSDOCCS; DEPUTY
SUPERINTENDENT OF HEALTH, (Auburn C.F.) with the NYSDOCCS;
CAPTAIN DELUTIS, Captain with the NYSDOCCS; FACILITY HEALTH
SERVICES DIRECTOR (Clinton C.F.) with the NYSDOCCS; FACILITY
HEALTH SERVICE DIRECTOR (Southport C.F.) with the NYSDOCCS;
FACILITY HEALTH SERVICE DIRECTOR (Auburn C.F.) with the
NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Five Points C.F.)

with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Ossining C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (UpstateC.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Great Meadow C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Elmira C.F.) with the NYSDOCCS; Dr. KARANDY, Medical Doctor with the NYSDOCCS; Dr. TED, Medical Doctor with the NYSDOCCS; Dr. PARKER, Medical Doctor with the NYSDOCCS; NURSE ADMINISTRATOR (Elmira C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Clinton C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Great Meadow C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Upstate C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Southport C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Auburn C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Five Points C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR ROA, Nurse Administrator with the NYSDOCCS; NURSE NORTHROP, Nurse with the NYSDOCCS; NURSE JOHN DOE of the NYSDOCCS; NURSE GOULD, Nurse with theNYSDOCCS; NURSE TRAVERS, Nurse with the NYSDOCCS; NURSE RABIDEAU, Nurse with the NYSDOCCS; NURSE JANE DOE, Nurse with The NYSDOCCS; COUNSELOR DYER, SORC with the NYSDOCCS; COUNSELOR REGISFORD, SORC with the NYSDOCCS; INMATE GRIEVANCE PROGRAM SUPERVISOR D. WILCOX, IGPS with the NYSDOCCS; SERGEANT VESNESKE, Sergeant with the NYSDOCCS; LAW LIBRARY SUPERVISOR with the NYSDOCCS; THE EXTRACTION TEAM with the NYSDOCCS; C.O, WILSON, Correctional Officer with the NYSDOCCS; C.O. LaGREE, Correctional Officer with the NYSDOCCS; C.O. LaBOMBARD, Correctional Officer with the NYSDOCCS; C.O. BRAND, Correctional Officer with the NYSDOCCS; C.O, W. GARLAND, Correctional Officer with the NYSDOCCS; C.O. LaVARNWAY, Correctional Officer with the NYSDOCCS; C.O. HOLLAND, Correctional Officer with the NYSDOCCS; C.O. K. LaDUKE, Correctional Officer with the NYSDOCCS; C.O. N. LOCKE, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#1, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#2, Correctional Officer with the NYSDOCCS; CYRUS R. VANCE Jr., District Attorney of the State of New York; MELISSA BENJAMIN, Esq., Principal Law Clerk; TERRANCE K. DeROSA, Assistant Attorney General of the State of New York; BRUCE A. HIDLEY, Chief Clerk of Albany County & Supreme Courts; TRICIA ROBARGE, Chief Clerk of Washington County Supreme & County Clerk; RYAN SHAPIRO, Chief Executive Officer, Jpay Inc.; ERROL FELDMAN, Chief Executive Officer, JPay Inc.

Defendants.

PLEASE TAKE NOTICE That upon the annex affirmation of ALBERT HARRIOTT, affirmed on

March 29th 2024 an appointment complaint herein, playing for move this court, United States

District Court eastern district of New York , _____ U.S.D.J., in room

_____,United States courthouse, Brooklyn New York 11201, on the _____ day of

_____, 2024, at _____ o'clock orAs soon day after as Council can be heard, for an

order pursuant to the Federal Rules of Civil Procedure granting the Plaintiff relief under 42 USC

Section 1983; & 18 USC section 241.


Dated: March 29, 2024

     Kings County



                                                               Albert Harriott

                                                                1078 Prospect place

                                                                Brooklyn, NY 11213

UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF NEW YORK**

ALBERT HARRIOTT,                                              CIVIL RIGHTS

                                                             COMPLAINT  PURSUANT TO

                        Plaintiff, Pro Se,                   42 USC s 1983

                                                             JURY TRIAL

                                                             AFFIRMATION

ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS;
KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN,
Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical
Officer with the NYSDOCCS; THOMAS J. LOUGHREN, State Commissioner
With the NYSDOCCS; P. CHAPPIUS, Superintendent with the NYSDOCCS;
M. KIRKPATRICK, Superintendent with the NYSDOCCS; C. MILLER,
Superintendent with the NYSDOCCS; D. ULHER, Superintendent with the
NYSDOCCS; P. PICCOLO, Superintendent with the NYSDOCCS;
T. McCARTHY, Superintendent with the NYSDOCCS; M. KOPP,
Superintendent with the NYSDOCCS; M. CAPRA, Superintendent with the
NYSDOCCS; A. LaMANA, Superintendent with the NYSDOCCS; DANIEL
MARTUSCELLO, Commissioner of the NYSDOCCS; TINA STANFORD,
Chairwoman Board of parole with the NYSDOCCS; A. RODRIGUEZ,
Director of the SHU with the NYSDOCCS; ANNE T. SULLIVAN,
Commissioner of OMH with the NYSDOCCS; JEFF McKOY, Deputy
Commissioner with the NYSDOCCS; S. MALOZZI, Director of the IGP
With the NYSDOCCS; D. LaDOUE, Food Service Administrator with the
NYSDOCCS; REINHART, Deputy Superintendent of Programs with the
NYSDOCCS; BARTLETT, First Deputy Superintendent with the NYSDOCCS;
DONAHUE, First Deputy Superintendent with the NYSDOCCS; COREY,
Deputy Superintendent of Security with the NYSDOCCS; C. SMITH,
Assistant Deputy Superintendent with the NYSDOCCS; FOOD SERVICE
ADMINISTRATOR, (Five Points C.F.) with the NYSDOCCS; McINTOSH,
Deputy Superintendent of Programs with the NYSDOCCS; DEPUTY
SUPERINTENDENT OF HEALTH, (Auburn C.F.) with the NYSDOCCS;
CAPTAIN DELUTIS, Captain with the NYSDOCCS; FACILITY HEALTH
SERVICES DIRECTOR (Clinton C.F.) with the NYSDOCCS; FACILITY
HEALTH SERVICE DIRECTOR (Southport C.F.) with the NYSDOCCS;
FACILITY HEALTH SERVICE DIRECTOR (Auburn C.F.) with the
NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Five Points C.F.)

with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Ossining C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (UpstateC.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Great Meadow C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Elmira C.F.) with the NYSDOCCS; Dr. KARANDY, Medical Doctor with the NYSDOCCS; Dr. TED, Medical Doctor with the NYSDOCCS; Dr. PARKER, Medical Doctor with the NYSDOCCS; NURSE ADMINISTRATOR (Elmira C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Clinton C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Great Meadow C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Upstate C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Southport C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Auburn C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Five Points C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR ROA, Nurse Administrator with the NYSDOCCS; NURSE NORTHROP, Nurse with the NYSDOCCS; NURSE JOHN DOE of the NYSDOCCS; NURSE GOULD, Nurse with theNYSDOCCS; NURSE TRAVERS, Nurse with the NYSDOCCS; NURSE RABIDEAU, Nurse with the NYSDOCCS; NURSE JANE DOE, Nurse with The NYSDOCCS; COUNSELOR DYER, SORC with the NYSDOCCS; COUNSELOR REGISFORD, SORC with the NYSDOCCS; INMATE GRIEVANCE PROGRAM SUPERVISOR D. WILCOX, IGPS with the NYSDOCCS; SERGEANT VESNESKE, Sergeant with the NYSDOCCS; LAW LIBRARY SUPERVISOR with the NYSDOCCS; THE EXTRACTION TEAM with the NYSDOCCS; C.O. WILSON, Correctional Officer with the NYSDOCCS; C.O. LaGREE, Correctional Officer with the NYSDOCCS; C.O. LaBOMBARD, Correctional Officer with the NYSDOCCS; C.O. BRAND, Correctional Officer with the NYSDOCCS; C.O. W. GARLAND, Correctional Officer with the NYSDOCCS; C.O. LaVARNWAY, Correctional Officer with the NYSDOCCS; C.O. HOLLAND, Correctional Officer with the NYSDOCCS; C.O. K. LaDUKE, Correctional Officer with the NYSDOCCS; C.O. N. LOCKE, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#1, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#2, Correctional Officer with the NYSDOCCS; CYRUS R. VANCE Jr., District Attorney of the State of New York; MELISSA BENJAMIN, Esq., Principal Law Clerk; TERRANCE K. DeROSA, Assistant Attorney General of the State of New York; BRUCE A. HIDLEY, Chief Clerk of Albany County & Supreme Courts; TRICIA ROBARGE, Chief Clerk of Washington County Supreme & County Clerk; RYAN SHAPIRO, Chief Executive Officer, Jpay Inc.; ERROL FELDMAN, Chief Executive Officer, JPay Inc.

Defendants.

STATE OF NEW YORK           )

COUNTY OF KINGS          ) ss. :

I, ALBERT HARRIOTT, makes the following affirmation under the penalties of perjury:

I, ALBERT HARRIOTT, am the plaintiff and the above entitled action, and respectfully

move this court to issue an order under 42 USC section 1983 and 18 USC section 241.

The reason why I am entitled to the relief I seek is Because the defendants were acting

under the color of law and were officials of the state of New York who denied the plaintiff's rights

privileges or immunities secured by the United States Constitution, by federal law or the United

States.

WHEREFORE, I respectfully request that the court granted Within motion, as well as

such other and further relief that may be just and proper.

I Declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2024

ALBERT HARRIOTT

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _March 29_, 20_24_.

Signature of Plaintiff _____

Printed Name of Plaintiff _Albert Harriott_

7

**United States District Court**

**Eastern District of New York**_____

ALBERT HARRIOTT,                                        **CIVIL RIGHTS**

**COMPLAINT  PURSUANT TO**

Plaintiff, Pro Se,                              **42 USC s 1983**

**JURY TRIAL**

vs.                                            **Case No.**_____

ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS;
KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN,
Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical
Officer with the NYSDOCCS; THOMAS J. LOUGHREN, State Commissioner
With the NYSDOCCS; P. CHAPPIUS, Superintendent with the NYSDOCCS;
M. KIRKPATRICK, Superintendent with the NYSDOCCS; C. MILLER,
Superintendent with the NYSDOCCS; D. ULHER, Superintendent with the
NYSDOCCS; P. PICCOLO, Superintendent with the NYSDOCCS;
T. McCARTHY, Superintendent with the NYSDOCCS; M. KOPP,
Superintendent with the NYSDOCCS; M. CAPRA, Superintendent with the
NYSDOCCS; A. LaMANA, Superintendent with the NYSDOCCS; DANIEL
MARTUSCELLO, Commissioner of the NYSDOCCS; TINA STANFORD,
Chairwoman Board of parole with the NYSDOCCS; A. RODRIGUEZ,
Director of the SHU with the NYSDOCCS; ANNE T. SULLIVAN,
Commissioner of OMH with the NYSDOCCS; JEFF McKOY, Deputy
Commissioner with the NYSDOCCS; S. MALOZZI, Director of the IGP
With the NYSDOCCS; D. LaDOUE, Food Service Administrator with the
NYSDOCCS; REINHART, Deputy Superintendent of Programs with the
NYSDOCCS; BARTLETT, First Deputy Superintendent with the NYSDOCCS;
DONAHUE, First Deputy Superintendent with the NYSDOCCS; COREY,
Deputy Superintendent of Security with the NYSDOCCS; C. SMITH,
Assistant Deputy Superintendent with the NYSDOCCS; FOOD SERVICE
ADMINISTRATOR, (Five Points C.F.) with the NYSDOCCS; McINTOSH,
Deputy Superintendent of Programs with the NYSDOCCS; DEPUTY
SUPERINTENDENT OF HEALTH, (Auburn C.F.) with the NYSDOCCS;
CAPTAIN DELUTIS, Captain with the NYSDOCCS; FACILITY HEALTH
SERVICES DIRECTOR (Clinton C.F.) with the NYSDOCCS; FACILITY
HEALTH SERVICE DIRECTOR (Southport C.F.) with the NYSDOCCS;
FACILITY HEALTH SERVICE DIRECTOR (Auburn C.F.) with the

NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Five Points C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Ossining C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (UpstateC.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Great Meadow C.F.) with the NYSDOCCS; FACILITY HEALTH SERVICE DIRECTOR (Elmira C.F.) with the NYSDOCCS; Dr. KARANDY, Medical Doctor with the NYSDOCCS; Dr. TED, Medical Doctor with the NYSDOCCS; Dr. PARKER, Medical Doctor with the NYSDOCCS; NURSE ADMINISTRATOR (Elmira C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Clinton C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Great Meadow C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Upstate C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Southport C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Auburn C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR (Five Points C.F.) with the NYSDOCCS; NURSE ADMINISTRATOR ROA, Nurse Administrator with the NYSDOCCS; NURSE NORTHROP, Nurse with the NYSDOCCS; NURSE JOHN DOE of the NYSDOCCS; NURSE GOULD, Nurse with theNYSDOCCS; NURSE TRAVERS, Nurse with the NYSDOCCS; NURSE RABIDEAU, Nurse with the NYSDOCCS; NURSE JANE DOE, Nurse with The NYSDOCCS; COUNSELOR DYER, SORC with the NYSDOCCS; COUNSELOR REGISFORD, SORC with the NYSDOCCS; INMATE GRIEVANCE PROGRAM SUPERVISOR D. WILCOX, IGPS with the NYSDOCCS; SERGEANT VESNESKE, Sergeant with the NYSDOCCS; LAW LIBRARY SUPERVISOR with the NYSDOCCS; THE EXTRACTION TEAM with the NYSDOCCS; C.O, WILSON, Correctional Officer with the NYSDOCCS; C.O. LaGREE, Correctional Officer with the NYSDOCCS; C.O. LaBOMBARD, Correctional Officer with the NYSDOCCS; C.O. BRAND, Correctional Officer with the NYSDOCCS; C.O. W. GARLAND, Correctional Officer with the NYSDOCCS; C.O. LaVARNWAY, Correctional Officer with the NYSDOCCS; C.O. HOLLAND, Correctional Officer with the NYSDOCCS; C.O. K. LaDUKE, Correctional Officer with the NYSDOCCS; C.O. N. LOCKE, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#1, Correctional Officer with the NYSDOCCS; C.O. JOHN DOE#2, Correctional Officer with the NYSDOCCS; CYRUS R. VANCE Jr., District Attorney of the State of New York; MELISSA BENJAMIN, Esq., Principal Law Clerk; TERRANCE K. DeROSA, Assistant Attorney General of the State of New York; BRUCE A. HIDLEY, Chief Clerk of Albany County & Supreme Courts; TRICIA ROBARGE, Chief Clerk of Washington County Supreme & County Clerk; RYAN SHAPIRO, Chief Executive Officer, Jpay Inc.; ERROL FELDMAN, Chief Executive Officer, JPay Inc.

Defendants.

Plaintiff, pro se for his complaint against the defendants alleges as follows:

## JURISDICTION

1. This is a civil action seeking relief and /or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 USC section 1983, & 18 USC section 241. the court has jurisdiction over the action pursuant to 28 USC sections 1331; 1343(3) & (4); 1391(e); 2201 and federal rules of civil procedure 60(b) & (d).

## PARTIES

2. Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

3. At all times relevant to this lawsuit, defendant Anthony Annucci was the acting commissioner of the New York State Department of Corrections, located at office of the commissioner, building 2, State campus in Albany, New York 12226 and acted under the color of State. he's being sued and is official and personal capacity,albeit the plaintiff does not now and /or can find out the status of his employment.

4. At all times relevant to this lawsuit, defendant C. Koenigsmann, Chief Medical Officer of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226 and acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

5. At all times relevant to this lawsuit, defendant C. Moores, Chief Medical Officer of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226 and acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

6. At all times relevant to this lawsuit, defendant Jeff McKoy, Deputy to the Commissioner of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226 and acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

7. At all times relevant to this lawsuit, defendant S. Malozzi, Director of the IGP of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226 and acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

8. At all times relevant to this lawsuit, defendant Daniel Martuscello was commissioner of the New York State Department of Corrections, located at office of the commissioner, building 2, State campus in Albany, New York 12226 and acted under the color of State. he's being sued and is official and personal capacity, albeit the plaintiff does not now and /or can find out the status of his employment.

9. At all times relevant to this lawsuit, defendant A. Rodriguez, Director of the SHU of the New York State Department of Corrections, located at The Harriman State campus in Albany, New

York 12226 and acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

10. At all times relevant to this lawsuit, the defendant P. Chappius, Superintendent of Elmira C.F., located at 1879 Davis st Elmira NY, 14901 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

11. At all times relevant to this lawsuit, the defendant Facility Health Service Director of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

12. At all times relevant to this lawsuit, the defendant Nurse Administrator of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

13. At all times relevant to this lawsuit, the defendant Nurse Northrop of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

14. At all times relevant to this lawsuit, the defendant Nurse Jane Doe of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901 acted under the color of State. Defendant is being sued in their

official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

15. At all times relevant to this lawsuit, the defendant Nurse John Doe of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

16. At all times relevant to this lawsuit, the defendant M. Kirkpatrick Superintendent of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment

17. At all times relevant to this lawsuit, the defendant Facility Health Service Director of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

18. At all times relevant to this lawsuit, the defendant Nurse Administrator of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

19. At all times relevant to this lawsuit, the defendant Captain Delutis of Clinton Annex C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is

being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

20. At all times relevant to this lawsuit, the defendant McIntosh Deputy Superintendent of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

21. At all times relevant to this lawsuit, the defendant John Doe#1 Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

22. At all times relevant to this lawsuit, the defendant LaVarnway Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

23. At all times relevant to this lawsuit, the defendant E. Holland Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

24. At all times relevant to this lawsuit, the defendant Wilson Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929 acted under the color of State. Defendant is

being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

25. At all times relevant to this lawsuit, the defendant LaGree Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

26. At all times relevant to this lawsuit, the defendant The Extraction Team  Corrections Officers of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

27. At all times relevant to this lawsuit, the defendant Nurse Rabideau of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929  acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

28. At all times relevant to this lawsuit, the defendant C. Miller, Superintendent of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

29. At all times relevant to this lawsuit, the defendant Facility Health Service Director of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State.

Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

30. At all times relevant to this lawsuit, the defendant Nurse Administrator of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

31. At all times relevant to this lawsuit, the defendant Dr. Karandy of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

32. At all times relevant to this lawsuit, the defendant Dr. Ted of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

33. At all times relevant to this lawsuit, the defendant K. LaDuke, Corrections Officer of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

34. At all times relevant to this lawsuit, the defendant D. Ulher, Superintendent of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is

being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

35.  At all times relevant to this lawsuit, the defendant Facility Health Service Director of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

36. At all times relevant to this lawsuit, the defendant Nurse Administrator of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

37. At all times relevant to this lawsuit, the defendant Nurse Travers of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

38. At all times relevant to this lawsuit, the defendant Vesneske Sergeant of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

39. At all times relevant to this lawsuit, the defendant LaBombard Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is

being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

40. . At all times relevant to this lawsuit, the defendant B. Brand Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

41.. At all times relevant to this lawsuit, the defendant W. Garland Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

42. At all times relevant to this lawsuit, the defendant D. Wilcox IGPS of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

43. At all times relevant to this lawsuit, the defendant N. Locke, Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

44. . At all times relevant to this lawsuit, the defendant P. Piccolo, Superintendent of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant

is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

45. At all times relevant to this lawsuit, the defendant Facility Health service director of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

46. At all times relevant to this lawsuit, the defendant Bartlett, First Deputy Superintendent of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

47. At all times relevant to this lawsuit, the defendant Reinhart, Deputy Superintendent of Programs of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

48. At all times relevant to this lawsuit, the defendant LaDoue, Food Service Administrator of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

49. At all times relevant to this lawsuit, the defendant Nurse Administrator of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is

being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

50. At all times relevant to this lawsuit, the defendant Nurse Gould of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

51. At all times relevant to this lawsuit, the defendant T. McCarthy, superintendent of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

52. At all times relevant to this lawsuit, the defendant Facility Health Service Director of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

53. At all times relevant to this lawsuit, the defendant Donahue, First Deputy Superintendent of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

54. At all times relevant to this lawsuit, the defendant Corey, Deputy Superintendent of Security of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State.

Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

55.  At all times relevant to this lawsuit, the defendant Deputy Superintendent of Health of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

56.  At all times relevant to this lawsuit, the defendant Nurse Administrator of Auburn C.F., located at 135 State st. Auburn, NY 13024 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

57.  At all times relevant to this lawsuit, the defendant Amy LaMana, Superintendent of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

58. At all times relevant to this lawsuit, the defendant Facility Health Service Director of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

59. At all times relevant to this lawsuit, the defendant Food Service Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541 acted under the color of State.

Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

60. At all times relevant to this lawsuit, the defendant Nurse Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

61. At all times relevant to this lawsuit, the defendant Nurse Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

62. At all times relevant to this lawsuit, the defendant M. Kopp, Superintendent of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

63. At all times relevant to this lawsuit, the defendant M. Capra, Superintendent of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

64. At all times relevant to this lawsuit, the defendant C. Smith, Assistant Deputy Superintendent of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the

color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

65. At all times relevant to this lawsuit, the defendant Facility Health Services Director of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

66. At all times relevant to this lawsuit, the defendant Roa, Nurse Administrator of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

67. At all times relevant to this lawsuit, the defendant Dyer, SORC of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

68. At all times relevant to this lawsuit, the defendant Regisford, SORC of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

69. At all times relevant to this lawsuit, the defendant Parker, Medical Doctor of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562 acted under the color of State. Defendant is being

sued in their official and personal capacity, albeit the plaintiff does not know and/ or can find out the status of his/her employment.

70. At all times relevant to this lawsuit, defendant Kathy Hochul was the Governor of the State of New York located at the State Capitol, Albany, NY 12224 and acted under the color of State. She's being sued in her official and personal capacity.

71. At all times relevant to this lawsuit, defendant Anne T. Sullivan was the Commissioner of the Office of Mental Health located at 44 Holland ave. Albany, NY 12229 and acted under the color of State. She's being sued in her official and personal capacity.

72. At all times relevant to this lawsuit, defendant Tina Stanford was the Chairwoman of the Board of Parole located at Central Office NYS Division of Parole, 97 Central Ave. Albany, NY 12206 acted under the color of State. She's being sued in her official and personal capacity.

73. At all times relevant to this lawsuit, defendant Thomas J. Loughren, was the State Commissioner of Correction located at 80 south swan st. 12th floor, Albany, NY 12210 and acted under the color of State. The defendant is being sued in their official and personal capacity.

74. At all times relevant to this lawsuit, defendant Bruce A. Hidley, Albany County & Supreme Court Chief Clerk located at 16 Eagle st. Albany, NY 12207 and acted under the color of State. The defendant is being sued in their official and personal capacity.

75. At all times relevant to this lawsuit, defendant Tricia Robarge WashingtonCounty & Supreme Court Chief Clerk located at 383 Broadway, Fort Edward, NY 12828 and acted under the color of State. The defendant is being sued in their official and personal capacity.

76. At all times relevant to this lawsuit defendant Ryan Shapiro, Chief Executive Officer of Jpay Inc. located at 3450 Lakeside Drive, Suite 100, Miramar, FL 33027 were acting in concert with those under the color of State. The defendant is being sued in their personal capacity.

77. At all times relevant to this lawsuit defendant Errol Feldman, Chief Executive Officer of Jpay Inc. located at 3450 Lakeside Drive, Suite 100, Miramar, FL 33027 were acting in concert with those under the color of State. The defendant is being sued in their personal capacity.

## PREVIOUS LITIGATION

78. The plaintiff filed multiple federal and state lawsuits in the United States Supreme Court, United States court of appeals second circuit, Western District of New York, Northern District of new york, Albany County and Supreme Court, Washington County and Supreme Court, and Westchester Supreme and County Courts, most of which were obstructed, hindered and /or misrepresented in some way (i.e.) fraud.

(a) U.S. Supreme Court: Albert Harriott v. Michael Sheahan, Supt. of Five Points Corr. Facility (#16-6031) cert. Denied.; Albert Harriott v. D. Ulher, Supt. of Upstate C.F., et al., (On Petition for a Writ of Certiorari to second circuit Court of Appeals Docket# 0:2016pr02430)(motion never adjudicated. Motion acknowledged); Albert Harriott v. Cyrus R. Vance Jr., The People of the State of New York (On petition for a Writ of Certiorari to New York Court of Appeals)(motion never responded to. Motion never adjudicated.)

(b) U.S. Court of Appeals (2d cir.): Harriott v Ulher et al., #16-2430pr;  Harriott v Annucci et al., #18-879

(c) U.S. District Courts: Harriott v. Annucci et al., !5-cv-6135 (WDNY)(Siragusa J.,); Harriott v. Chappius et al., 15-cv-6647 (WDNY); Harriott v Ulher et al., 16-cv-276 (NDNY)(Hurd J.,); Harriott v. Miller et al., 9:18-cv-01283-LEK-ATB (NDNY)(Khan J.,)

79. All lawsuits are relative to the same continuous violations and retaliation to the same protected activity free speech.

# FACTS

**Five Points 2012-2014 (ETS)**

(80) In July of 2012, the plaintiff Albert Harriott was transferred to Five Points Correctional Facility in Romulus, New York, to start a 13-year determinate sentence.

(81) The plaintiff would go through screening with the nurse and inform her that he didn't smoke.

(82) He would be subjected to high levels of environmental tobacco smoke via secondhand smoke from a chain smoking bunk mate he was assigned to.

(83) The plaintiff would write to the appropriate parties seeking removal from these health risks and would receive no response and or results.

(84) The Plaintiff would file grievance to no response and or results except immediate retaliation for complaining.

(85)  The plaintiff's family would contact Congressman Hakeem Jeffries who would send an email of complaint on the plaintiff's behalf regarding the second hand smoke.

(86) Because of said "email" the plaintiff would become the target for constant retaliatory acts by the state for going "outside the jail."

(87) the plaintiff thereafter would be set up for marijuana possession and dirty urine for filing an Article 78 proceeding seeking relief from the above violations to his rights to free speech and to be free from cruel and unusual punishment.

(a) Plaintiff would appeal this motion up to the United States Supreme Court.

(88) The plaintiff would be sent to the SHU for 18 months and lose 3 months of his good time for those false charges.

(89) The plaintiff would file another Article 78 while in the SHU regarding these new issues and would be denied.

(a) Plaintiff would appeal this motion up to the United States Supreme Court.

(90) the plaintiff would be transferred to Elmira Correctional Facility after his Shu time was complete and filed a 42 USC section 1983 lawsuit that was for close to 6 years subjected to hindrance, obstruction, fraud and misrepresentation in retaliation to his complaints, and thereafter dismissed with prejudice. Harriott v Annucci, 15-cv-6135(WDNY)

(a) The plaintiff seeks to reopen this motion for said reasons and with his freedom from prison his ability to obtain evidence that will support his allegations that he did not have the means to retrieve due to said reasons supra and his confinement.

(b) the plaintiff would also come to learn that the Assistant Attorney General in his case did not work in the capacity as he said he did and may have committed fraud.

**Elmira C.F. 2014-2015 (The Infection)**

(91) After filing his 42 USC section 1983 lawsuit at Elmira Correctional facility, the plaintiff would be subjected to immediate acts of retaliation including but not limited to losing his job in the law library.

(92) The plaintiff would be assigned an attorney for his lawsuit who would later recuse himself.

(a) The plaintiff would meet and speak to this attorney Steven G. Schwartz and his assistant Kristin Merrick shortly after filing.

(93) Shortly after this meeting with his attorney and assistant he would be called down to Medical and told he was exposed to TB but doesn't have active TB. (Tuberculosis)

(94) He was told by a nurse Northrop and her administrator that he would be quarantined ( no visits, phones, Recreation or any Community activity) to which he objected.

(a) **note:** This would hinder his access to the law library and the ability to fight his appeal on the article 78's from Five Points Correctional Facility.

(95) He was then offered an alternative of 900 mgs of TB meds to which he agreed to take albeit he felt fine.

(96) The pills started to make plaintiff feel off kilter, lethargic, sick (inter alia) and he would tell the nurses Hakes and Jane Doe bringing these meds that he couldn't continue to take meds that were hurting him to wit Jane Doe with quarantine him.

(a) Plaintiff would later overhear nurse Jane Doe say we gotta get Harriott to the Box.

(b) **note**: The plaintiff would also file a Preliminary Injunction/TRO in the United States District Court (WDNY) seeking to get this unnecessary/ hurtful medication halted which was obstructed/ hindered from proper filing and adjudication.

(c)  The plaintiff still suffers from pain to this day due to the obstruction/  hindrance and misrepresentation of this action.

(97) While quarantined the plaintiff would be called down to Medical and offered an alternative medicine.

(98)  The plaintiff asked if he could get an outside second opinion to wit the nurse's administrator retorted: "no you are either going to take these pills or be locked up until your bid is over."

(99) At this point the plaintiff knew these weren't medical professionals and now definitely needed an outside doctor which he would be later obstructed from receiving.

(100) Sometime after this the plaintiff would be called back down to Medical for blood work and a physical.

(101) The male nurse (John Doe) doing his physical was acting strange and singing a Michael Jackson song.

(a) He was a tall bald white male.

(102) He would stick an under the tongue thermometer under the plaintiff's tongue roughly until he heard a clicking sound and then say loudly "all done."

(a) The plaintiff wouldn't see this nurse again for years until he was sent on an "outside medical trip" to Coxsackie Correctional Facility circa 2018.

(103) Shortly after this plaintiff would feel extreme nasal congestion to the point where he couldn't breathe; extreme sore throat (like strep);  extreme migraines and bloody mucus. (inter alia)

(104) The plaintiff  would file grievances on his coincidental sickening after his being quarantined for TB; giving harmful medication for said disease; and being physically restrained from moving his head by a male nurse until he was "all done."

(105) Plaintiff's grievances would be denied by Superintendent Chappius and NYSDOCCS Commissioner Anthony Annucci and his issues would persist.

(106) Someone the Plaintiff knew and was cordial with would see his condition and thought he had a bug, and offered the plaintiff some leftover penicillin he had from an old infection.

(a) He gave the plaintiff approximately 8-10 250mg pills of penicillin.

(107)  The plaintiff took this medication along with his regimen of garlic, ginger, peppers, onions, salts, teas and exercise and would feel better rather quickly.

(108) The plaintiff shortly after feeling better would be written a false misbehavior report by a Sergeant Patchen and be sent to the SHU for 6 months while still quarantined. ( see, *paragraph* (22)(a))

(109) While in Elmira's SHU the Plaintiff would be served his Kosher diet by Correctional Staff doing feed up and would drink milks that would return the symptoms he just got rid of.

(110) The next day the plaintiff would be placed on a bus and sent to Upstate Correctional Facility. (aka "New York State Siberia")

**Upstate C.F. 2015-2016 The Hate Crimes**

(111) On October 29th, 2015 the plaintiff was transferred to Upstate Correctional facility, from Elmira Correctional facility, and would be the victim of a hate crime that same day.

(112) During his initial interview a sergeant Vesneske would look at his computer screen and tell the plaintiff "oh yeah you're going to have a rough time here."

(113) He would then be screened by a nurse Travers who he informed of his medical problems and what he used to get rid of the same symptoms.

(a) He would also tell her that he was quarantined and she was supposed to keep him completely isolated as they had already denied his mother visitation at Elmira Correctional facility.

(114) To his concerns she would be indifferent and cold, diagnose him on the spot as "nothing is wrong with you" and assign him a bunkmate who refused to take a TB test outright.

(a) Nurse Travers could have exposed the Plaintiff to a disease that has already killed people.

(115) The plaintiff did not consent to going into a cell with someone untested especially after he was told by nurses at Elmira Correctional Facility that he was more susceptible to catching TB.

(116) This nurse didn't care about the health risk and told the plaintiff "you're going in that cell one way or another."

(117) The plaintiff would thereafter ask to speak to a Sergeant, to wit sergeant Vesneske would be summoned and multiple correctional officers behind him.

(118) The sergeant assured the plaintiff that he wouldn't be double bunked because of his medical status and to come with him as reassurance.

(119) The plaintiff was escorted in chains and handcuffs to the same cell with the incarcerated individual who refused testing altogether.

(120) The plaintiff was then forced into the cell under the Sergeant's command by a correctional officer La Bombard (et.al) who would push him to the floor and immediately begin to attack while the plaintiff was being held down by other correctional officers.

(121) Correctional Officer La Bombard began to punch the plaintiff in the face repeatedly all while using demeaning racial epithets like "nigger" and "boy!"

(a) The plaintiff paid for the video of this incident but due to his status as a prisoner he would not know they did not place it in his records until he was processed out of the system.

(b) The plaintiff did not receive multiple other videos/ tapes he paid for from multiple facilities he has requested them from.

(122) The plaintiff was the moved the next morning from double bunk to single cell to help cover up the false diagnosis from Elmira Correctional Facility.

(123) The plaintiff would be written up for this incident and would file an article 78 regarding these illegal actions taken by the State.

(a) His grievances would be denied by Superintendent D. Ulher and Commissioner Anthony Annucci.

(b) He would receive more SHU time and loss of good time.

(124) Approximately a month and a half before this article 78 proceeding the plaintiff filed a preliminary injunction/TRO on Superintendent D. Ulher (et al.) in the United States District Court (NDNY) for issues regarding his religious Kosher diet being laced with contaminants and his need of proper Medical Care.

(125) Shortly after this Injunction/TRO the plaintiff would be assaulted again by a correctional officer B. Brand (et al.) under the command of Sergeant Vesneske.

(a) Thereafter  his TRO would be prematurely dismissed to wit he would appeal all the way to the United States Supreme Court which plaintiff would find out upon his release was misrepresented the whole time.

(126) Correctional Officer Brand would repeatedly punch the plaintiff in the face calling him racial epithets like 'nigger', saying "you think it was bad the first time nigger, now it's going to be worse."

(a) When the physical attack was over other officers, specifically a correctional officer Garland would make racist jokes at the plaintiff's expense using numerous racist  epithets, tones and gestures.

(b) Garland will tell officers to cut off their body cams before going into the cell.

(127)The plaintiff would also grieve these issues and attach it to his article 78 for the Court's guidance and assistance.

(128) The plaintiff's Article 78 would be dismissed for failure to serve all parties to which he provided the court with receipts of service to no avail.

(129) The plaintiff would appeal to the Appellate Division Third Department and file numerous follow-ups. The Plaintiff hasn't received a response to his appeal to date which thwarted him from fair adjudication.

(a) The plaintiff would be able to find out later after his release from prison through the Albany Supreme Court that there was a notice sent to the "County Clerk" but it wasn't filed in the "Appellate Division and given a case number."

**Clinton C.F. 2016-2017 Intentional Infection/Obstruction to the Courts**

(130) In May 2016, the plaintiff was transferred to Clinton Correctional facility, while still on TB hold.

(a )He would tell medical of his symptoms and how he got them.

(b) **note**: Plaintiff was allowed to travel and interact with other people who weren't on TB hold.

(131) In July the plaintiff was given some bug that completely debilitated him by Correctional staff via Medical staff.

(a) The prison staff sometimes work hand in hand with the medical staff regarding nefarious favors. As the correctional officers need someone to cover up the severe beings they do all out to "niggers."

(b) The plaintiff's year of TB hold was nearing an end in August 2016. the plaintiff would then again be able to make phone calls and receive visits.

(c) The plaintiff would sometimes feel a correctional officer's hand over his face while he was asleep.

(132) On July 11th, 2016, the plaintiff would send a Writ of Certiorari to the United States Supreme Court, regarding his article 78 petitions from Five Points Correctional facility. (see, Harriott v. Sheahan, 137 S.Ct. 502)(2016)

(a) The plaintiff would inform the Court about his debilitating sickness. The plaintiff would still be treated with indifference from medical and be intentionally misdiagnosed and given ineffective medication to cause further cruel and wonton pain.

(133) This Writ would be hindered and obstructed from reaching the Court albeit the plaintiff would receive certified confirmation that it was mailed off.

(a) Some time would pass before the plaintiff had his family call the court on a  three way and would hear from the United States Supreme Court's Chief Clerk himself Scott S. Harris that no writ has come to the court from the plaintiff and he will inquire into it.

(b) The plaintiff would inform Superintendent Kirkpatrick of all these issues to wit the retaliation would intensify and his issues continued.

(134) The plaintiff also filed an article 78 against Commissioner Annucci (et al.) regarding these serious issues of obstruction /hindrance at the highest level of the Courts but that too was obstructed, hindered, misrepresented and never fairly and/or fully adjudicated.

(135) On August 17th, 2016, the plaintiff would be released from TB hold with obvious negative chest x-rays for tuberculosis.

(a) Clinton did no other test on the plaintiff as they already knew what he was infected with.

(136) On that day he would write the law library supervisors correctional officers Wilson and Lagree for special access regarding a looming deadline to file a federal habeas corpus and or stop tolling with an NYCPLR 440.10 motion for his criminal case. ( see, People v. Harriott, 9 NYS3d 228)(2015); *leave denied*, 26 NY3d 2008 (2015))

(a) The plaintiff would also contact DSP McIntosh who advised him to write the law library supervisor for special access.

(137) The plaintiff would be denied because he didn't have a "letter from a judge" evincing a deadline.

(138) The plaintiff would however show these officers a letter from his then appellate attorney Deron Castro, P.C. 118 - 35 Queens Boulevard, suite 1220, Forest Hills, NY 11375, that evinced this looming deadline.

(139) He would still be denied 3 times.

(140) Plaintiff would file a grievance & would be told that there was no statute of limitations for his case & therefore would be denied by Supt. Kirkpatrick & Commissioner Annucci.

(a) Plaintiff would also file an Article 78 on this issue. (see, *paragraph* 60) Harriott v. Annucci et al., Index# 5945-16

(b) The Plaintiff would later find out after contacting Albany Supreme Court upon his release that his notice of appeal was sent to the Albany County Clerk but never transferred to the Appellate

Division for proper adjudication. The plaintiff was waiting & writing about an appeal that he would never receive.

## II. First Physical Assault

(141) On January 15th, 2017, the plaintiff was verbally harassed and threatened to be punched in the face by a correctional officer LaVarnway and E. Holland.

(142) The plaintiff was being escorted out of the North yard for staying on the phone for some "extra seconds" to properly say goodbye to his loved ones.

(143) Upon entering the hallway fully restrained they walked the plaintiff past the only camera to the front of Upper H Housing Unit.

(144) Correctional Officer LaVarnway would immediately punch the plaintiff in the face fully restrained and Holland would choke the plaintiff with both hands about his neck.

(145) On cue numerous white male Correctional Officers would come out of upper H housing and attack the plaintiff on the ground kicking, stomping and punching him.

(146) When they were done beating the plaintiff LaVarnway would say "fuck it mace him" to wit the plaintiff's head would be pulled to the side while he was belly down on the ground and he would be maced in the eyes, nose, and mouth.

(a) The plaintiff would thereafter be decontaminated with scalding hot water to inflict further cruel and unusual punishment.

(147) Nurse Rabideau would then minimize the plaintiff's injuries for Correctional staff, and he would immediately be sent to the SHU without pain medicine, ice, etc.

(a) The plaintiff received 230 days SHU time and 90 days loss of good time.

## III Second Physical Attack (SHU)

(148) On February 27th, 2017 the plaintiff would be a part of a peaceful protest seeking to get his neighbor edible food who was a diabetic.

(149) Numerous incarcerated individuals agreed not to give their empty food trays back to staff until they fed this man who could go into diabetic shock and possibly die!

(150) When staff finally agreed to bring this incarcerated individual edible food everyone protesting now tried to return their tray.

(151) Staff would not take the trays back intentionally trying to escalate a non-issue.

(152) The extraction team would enter numerous cells including the plaintiffs.

(153) They would gas the plaintiff and beat him severely all over his body and face until he felt like his ribs broke and had shallow breathing.

(a) note: Plaintiff did leave prison with some video footage of this incident.

(154) the plaintiff would go to the outside Hospital and have CAT scans done on his face and ribs.

(155) The plaintiff's ribs were bruised and he would be prescribed pain medication, ice and rest.

(a) The plaintiff would be pushed and harassed by a Sergeant when he came back to the facility and be told "we all hate you here Harriott why don't you just die already."

(156) The plaintiff would receive a false misbehavior report for this incident and have an arbitrary and illegal hearing by Captain Delutis.

(a) Captain Delutis was an officer at Clinton Annex correctional facility and not Clinton Correctional main facility at the time of the incident.

(b) Clinton Main Correctional Facility is a maximum A security prison while Clinton Annex Correctional Facility is a maximum B facility . Two different classifications.

(157) The plaintiff would be found guilty at his hearing and be sentenced to expansive SHU time.

(158) The plaintiff would appeal said acts to Commissioner Annucci which was denied.

(159) The plaintiff sought help from a PLS attorney that would get to file an appeal on the plaintiff's behalf and would receive a reversal and expungement of the charges from the plaintiff's record.

(160) The plaintiff would leave the SHU earlier than expected.

**Great Meadow C.F. 2018 Ineffective Medicine/Painful**

(161) While at Great Meadow Correctional Facility the plaintiff would be given medication for an H- pylori diagnosis he received while at Upstate Correctional Facility.

(a) Medical was now saying that this was the cause of the plaintiff's symptoms.

(b) **note**: In the USA H- pylori is prevalent in less than 10% of non-immigrants under the age 30 to over 50% in those over 60 years old.

(c) **note also**: H- pylori can cause gastric cancer and may be eradicated with antibiotics.

(162) The plaintiff would receive multiple different medications that would be ineffective, give him diarrhea etc.

(163) The plaintiff would specifically ask for penicillin and would never receive it and would be made to suffer unnecessarily.

(164) the plaintiff would inform the superintendent; facility Health Service director; commissioner; chief medical officer; nurses administrator; correction staff; nurses; doctors etc., about his need for basic penicillin and he would not get the medicine that he needed. (**note**: On one occasion the plaintiff was given ineffective penicillin that did not resemble the ones he took in Elmira.)

(165) The plaintiff would be driven some one and a half to 2 hours away to Coxsackie Correctional Facility where he would again see the white male nurse from Elmira Correctional Facility Who infected him.

(a) The plaintiff was asked to sign a form that if "death resulted" from this operation that the NYSDOCCS were not responsible.

(b) The plaintiff would never sign such a form especially under the medical care of a man who already infected him which made the escorting correctional officer extremely upset to the point of swearing at the plaintiff.

(166) The plaintiff would also be given a bug at Great Meadow Correctional Facility that would completely stop him from walking and cause extreme body pains.

(a) The plaintiff could not leave his cell for some 5 to 7 days because of something he ate.

## II. The Assault at the "Courthouse"

(167) Sometime after this the plaintiff would be given a false misbehavior report.

(168) He would go to the hearing escorted under a body camera.

(169) Inside the hearing room was another correctional officer (K. Laduke) who was not relevant to the proceeding at all.

(170) The plaintiff would make certain objections on record about K. LaDuke's co-workers, which would make him visibly upset. (turning red)

(171) The hearing officer would cut off the tape in the middle of the hearing and thereafter K. LaDuke would rush the plaintiff.

(172) LaDuke would push the plaintiff to the ground and assault him alongside the plaintiff's escorting officer.

(a) The plaintiff believes this attack could also be racially motivated as prior to this he was admonished by a sergeant Mulligan that I owe millions in lawsuits but you know what we do to niggers like you.  This was done in front of multiple inmates during the gallery search.

(173) The plaintiff would have body pains and contusions and would not receive any pain medicine or ice.

(174) He would be escorted straight to the SHU where he would have an unfair/ biased hearing and be sentenced to 6 months SHU and 6 months loss of good time.

(175) The plaintiff would make his issues known to Superintendent Miller and Commissioner Annucci and would have his issues ignored.

(176) The plaintiff would file an article 78 proceeding which would be obstructed, hindered and or misrepresented from fair and total adjudication.

(a) **note:** After the plaintiffs release from prison he was able to call the Washington County Courthouse and inquire into his case, which he was told by the clerk that "Judge McKeighan dismissed."

(b) The plaintiff would then call the chambers of Judge McKeighan and speak to her Clerk who assured the plaintiff that the judge "doesn't handle article 78 proceedings."

(c) The plaintiff also filed a federal lawsuit against Superintendent Miller (et al.) that was obstructed, hindered and or misrepresented from fair and full of adjudication.

(d) The plaintiff still suffers from pain and Injustice due to the state's action and or inactions.

**Upstate C.F. SHU 2019 Obstruction/Fraud/Retaliation**

(177) While at Upstate Correctional Facility, (SHU) the plaintiff would be written a total of 16 false misbehavior reports in retaliation to his prison complaints against DOCCS and his medical treatment condition.

(178) All of the plaintiffs' appeals would be denied by Commissioner Annucci and A. Rodriguez, acting director, special housing/ inmate disciplinary program, of the NYSDOCCS.

(a) Some of these misbehavior reports would restrict good time.

(b) The plaintiff would also be assaulted by a correctional officer (N. Locke) who would choke him fully handcuffed until he coughed up blood. The plaintiff however was written up for this.

(179) The plaintiff would also file multiple grievances (some notarized) that would be ignored, obstructed, or hindered from filing.

(180) The plaintiff would send notarized letters regarding his filing grievance to IGPS D. Wilcox and director of IGP S. Malozzi.

(181) The plaintiff would receive no response and would continue to suffer retaliation via continuous false misbehavior reports; deprivation orders and intentional starvation. (inter alia)

(182) The plaintiff would file an article 78 proceeding in Albany County against Commissioner Annucci (et al.) seeking relief from the courts.

(183) They would dismiss the plaintiff's claim for failure to properly exhaust.

(a) The Attorney General's office to the plaintiffs knowledge would never file a notice of entry.

(184) The plaintiff would appeal this decision to the Appellate Division third Department.

(185) The plaintiff would make numerous inquiries into the status of his appeal and received no response/ information.

(186) Upon his release from incarceration the plaintiff would learn from the clerk's office that no appeal was ever received for his case.

## II. Misrepresentation/Fraud Art. 78 Petition

(187) The plaintiff would file an article 78 prior to the  one supra regarding false misbehavior reports from Great Meadow Correctional Facility that brought him to the SHU.

(a) Plaintiff also had claims against Upstate correctional facility for false misbehavior reports as soon as he arrived.

(188) The plaintiff would be given the name of the director of disciplinary SHU as A. Rodriguez by the State.

(189) He would file his article 78 against him solely in the caption.

(a) The plaintiff wouldn't receive information from the courts regarding his case.

(190) The plaintiff would learn upon his release from prison when contacting the court that his motion had been transferred to the Appellate Division Third Department, (Harriott v. Rodriguez #530892) and dismissed before argument on December 31, 1987.

(a) The clerk would inform him that it was an "old case" and no judge ever "perfected it."

(191) The plaintiff was 5 years old in 1987.


**III. Intentional Sickening (Bananas)**

(192) A day before the plaintiff was to be transferred from Upstate Correctional Facility to the step-down program at Southport Correctional Facility he was served food by prison staff that made him sick.

(a) Prison staff over the P.A .System were saying taunting things that alluded to the fact that they were intentionally sickening the plaintiff.

(193) The plaintiff would feel complete tightness in his throat to the point where he would struggle to breathe and talk.

(a) The plaintiff's throat was burning and inflamed and causing him immense pain.

(b) **note**: When the plaintiff arrived at Southport Correctional Facility the nurse screening him could barely hear him, and noted the injury but gave no immediate medical attention.

(c) The plaintiff was left to suffer.

**Southport C.F. 2019-2020 (Step down)**

(194) The plaintiff would be transferred from Upstate Correctional Facility SHU to Southport Correctional Facility SHU step down program.

(a) Albany placed plaintiff in this program he did not request it and or know about it.

(195) While at Southport Correctional Facility the plaintiff would complain of his existing medical conditions coupled with his throat pains/ soreness and inability to talk correctly to a Nurse Gould.

(196) The plaintiff would only be given Tylenol and made to suffer. These acts of indifference were to cover up the fact that the plaintiff was intentionally sickened, as this facility planned to do the same in conspiratorial fashion.

(197) Throughout the plaintiff's entire stay his food would be laced with some toxin to make his stomach ache uncontrollably and some bacteria that would cause extreme congestion, migraines, sore /dry throat which would make it hard to breathe and hurtful to speak until he sometimes coughed up blood.

(a) The plaintiff has the names of the numerous Correctional staff used by the medical Department to bring the plaintiff these trays, but it would be too voluminous to name every officer for the close to 2 years of food contamination.

(b) The plaintiff uses these officers to support his claims against those who had the knowledge/ability to actually put toxins/ bacteria in his sealed food items  and/ or unsealed food items. ("The brains")

(198) The plaintiff would suffer extreme stomach cramping, dry cough, extreme congestion, migraines, heart pain and mouth numbness from food items like: grape juice; peanut butter; jelly; mayonnaise; beans; macaroni salad; applesauce; Bean sauces; rice; and milks.

(199) The plaintiff would constantly complain to the Superintendent Piccolo; Facility Health Service Director; Food Service administrator D. LaDoue; sick call nurses; the federal court; commissioner Annucci; Chief Medical Officer; the Governor; the Albany County attorney; the the Centers for Disease Control (CDC); the United States Supreme Court; the Nurses Administrator ; First Deputy Superintendent Bartlett; Deputy Superintendent of Programs Reinhart (et al.) and his problems would persist and multiply.

(200) The plaintiff would never be seen for his long-standing infection from Elmira Correctional Facility which he complained to nurse Gould about.

(201) The plaintiff would send these contaminated food items to the courts which he was admonished not to do or he would get written up.

(202) The plaintiff would start to receive letters from the Office of Mental Health regarding failure to meet with his psychiatrist which would "discontinue" his "psychotropic meds."

(a) The plaintiff never consented to any treatment and/ or medication to his knowledge.

(b) they were attempting to discredit the plaintiff's allegations of food contamination. (inter alia) They would now completely restrict him from the higher courts.

## II. Obstruction of Writ of Certiorari for Criminal Case

(203) On March 27th, 2019, the plaintiff sent a motion for error coram nobis to the Appellate Division First Department,  alleging obstruction /hindrance of his access to the courts and ineffective assistance of appellate counsel.

(204) His motion would be denied by the court and he would be served Notice of Entry by Cyrus R. Vance jr, District attorney, New York county, dated November 22, 2019.

(205) On December 9, 2019, plaintiff filed an application for leave to the court of appeals.

(206) On March 10, 2020, Judge Leslie E. Stein, would deny leave to the court of appeals.

(207) On March 16, 2020, the plaintiff would write to the United States Supreme Court for a template to file a writ of certiorari explaining the circumstances of his case.

(208) The plaintiff would receive these forms from the Court.

(209) on April 2, 2020, plaintiff would complete his writ and get it notarized and send it to the Court.

(210) The plaintiff would receive immediate retaliation for filing his writ via extreme food poisoning.

(a) The plaintiff would write to the United States Supreme Court about this and send them items of food that were contaminated.

(211) The plaintiff would send numerous correspondence to the Court about the status of his writ.

(212) To date he has not received a response from the Court directly regarding the filing of his motion.

(213) Due to the obstruction/ hindrance and /or misrepresentation of his writ of certiorari r ithe plaintiff was forced to spend close to four more years in prison.

(214) When released from prison the plaintiff would contact the United States Supreme Court directly over the phone.

(215) He would be told to check for his records at the United States National Archives.

(a) He would not receive a response from the United States National Archives.

(216) The plaintiff would then contact an independent document retrieval agency.

(217) They would let him know that the Court only had one case number on file for the plaintiff (#16-6031) which was an older writ of certiorari plaintiff had filed against Superintendent M. Sheahan.

(218) This agency would also inform him that the court "received a filing for the name Albert Harriott on March 1, 2021, however on April 19, 2021, they decided they had no jurisdiction over the matter. "

(a) The court alleges to have received the plaintiff's motion approximately one year after he sent it.

(b)The plaintiff deduces from this agency's response that because the court received his motion papers after the 90-day denial from the highest state appellate court, for those reasons they lack "jurisdiction" to hear the matter.

(c) Or, fraud was committed against the plaintiff throughout the whole process.

(219) The plaintiff complained to the Governor, Commissioner Annucci, Superintendent Piccolo, the Attorney General's office, the Office of Special Investigations (et al.) about his feeling of his papers being obstructed, hindered and or misrepresented and would receive no response to these allegations.

(a) The plaintiff was just left to sit in his prison cell devoid of any real opportunity to fight for his freedom.

**Auburn C.F. 2020-2021 Continuous Sickening via food & water system/Conspiracy OMH**

(220) The plaintiff would be brought from Southport Correctional Facility SHU step-down program to Auburn Correctional Facility on keep-lock status for approximately 6 months.

(a) Because of covid restrictions programs were discontinued, therefore he had to do the rest of his keep-lock time in the general population for not completing the program.

(221) While on keep- lock the plaintiff would be given feed up trays from the State that would contain bacteria and/ or toxins not meant for human consumption.

(222) The plaintiff would be hurt by this food on multiple occasions.

(223) The plaintiff would also be sickened by the facility's water system with some type of strong bacteria.

(a) The plaintiff became aware that the state was intentionally doing this when he would take a shower and the water temperature would change abruptly from cold for some time and change abruptly back to warm.

(b) On one occasion he caught an officer peeking in and out on him and would put his mask on after the plaintiff came out of the shower and take it off when the Plaintiff walked away.

(c) After this particular shower the plaintiff started to immediately feel sick with something that felt like a strong flu virus.

(224) The plaintiff would write commissioner Annucci and Superintendent McCarthy about all these issues and they would continue with impunity.

(a) The plaintiff would also make complaints to them about not receiving notary for months and they did not stop this from happening to the plaintiff.

(b) Staff would also tell the plaintiff that they were told to open up his outgoing legal mail and "frisk it."

**II. OMH Threat**

(225) In April 2020, the plaintiff started to receive random callouts from Mental Health services.

(a) The plaintiff never attended and or requested mental health services at all while in prison.

(226) He would be threatened that if he didn't come out and speak to his "psychiatrist" that he would be forcibly extracted for this.

(227) The plaintiff would continue to deny these callouts as he never requested them and did not trust the OMH Department because of continued doctor paperwork evincing he was taking Mental Health medication.

(a) Yet, the plaintiff could not get penicillin he was requesting.

(228) The plaintiff would contact the Commissioner of Mental Health Services, Ann T. Sullivan and the harassment and psychological torture wouldn't stop but worsen.

(a)  Psychological torture included threats of safety; slander; total isolation; sensory deprivation; total denial of communication to the outside world; food tampering and poisoning; stealing his loved ones contact information; taking his only in cell entertainment (his tablet for 60 days) etc.

**III. Auburn SHU Food Poisoning**

(229) In April 2021, the plaintiff was taken to the SHU for another false retaliatory misbehavior report.

(230) When the  plaintiff finally received this property all his personal contacts were missing.

(a) His Bible was also taken.

(231) Now that the plaintiff couldn't eat his own commissary items everyday he was brought bacteria &/or laced toxins to eat.

(232) He would go hungry a lot and lose weight.

(233) The plaintiff would inform and even  send food samples of the toxic/ bacterial food to the First Deputy superintendent; the Deputy Superintendent of Security; Deputy Superintendent of Health and the Superintendent. ( **note**: He would send samples of his holy day religious meal)

(234) He would be ignored and shortly thereafter shipped back off to Southport Correctional facility.

(a) The plaintiff saved and has evidence of this food contamination.

**Southport C.F. SHU 2021 Food Contamination**

(235) In May 2021, the plaintiff would be transferred to Southport Correctional Facility. (SHU)

(236) Upon his arrival at screening the plaintiff would tell the nurse about his long-standing infection that he still had from Elmira Correctional facility.

(237) Thereafter the  plaintiff would be immediately attacked with bacteria laced food numerous times per day.

(238) The plaintiff would also be brought his personal toothpaste where the plaintiff was able to extract the pathogen placed inside a lucid- gooey looking liquid. Whereas his Sensodyne toothpaste was chalk white.

(a) The  plaintiff was able to save some of this substance and retains it as evidence.

(239) The plaintiff would complain to commissioner Annucci and Superintendent Piccolo about these acts and his complaints would go ignored and the cruel and unusual acts would continue.

(a) This facility already obstructed, hindered and or misrepresented a writ of cetiorari to the United States Supreme Court for the plaintiff. A grievance would be futile.

(b) The plaintiff also had notarized grievances obstructed. The plaintiff only has a chance for recourse as a free man.

(240) Sometime later the plaintiff would fill out the necessary forms to transfer close to his children in the NYC area.

(241) He was however transferred back to Five Points Correctional Facility in the Syracuse area for almost a 5-hour difference.

**Five Points C.F.**

(242) In June of 2021, the plaintiff was given a SHU Time modification and transferred to neighboring Five Points Correctional facility.

(a) Albeit the plaintiff put in for the closer to home family transfer for New York City.

(b) The plaintiff still had active litigation against Five Points Correctional Facility and certain members via a 42 USC section 1983 lawsuit.

**II. Jpay The Tablet**

(243) On the day the plaintiff received his property he would sign up to use the kiosk.

(a) His neighbor told him this was futile as you must wait at least 24 hours for your tablet to register at a new facility. And he just tried to sync his and it didn't work.

(b) The plaintiff's tablet was able to sync.

(244) the plaintiff would see messages from a pastor named Philip M. asking if he wanted to continue "Bible study."

(a) This message was sent to the plaintiff while he was still in the SHU.

(b) The plaintiff also received a message when he first applied to receive his tablet that it had been sent to him already at Upstate Correctional Facility. The plaintiff was in the SHU at Upstate Correctional Facility and not Cadre.

(245) The plaintiff also had two stamps before he sunk his tablet, purchased 10, sent two messages and after had 39 stamps. (?)

(a) While purchasing the stamps the plaintiff was being rushed off the kiosk to be moved to another housing building.

(246) Sometime after this the plaintiff would get on the kiosk which now would say that his "ID didn't match the tablet" and locked  the plaintiff out.

(a) The plaintiff could deduce that some type of fraud was being committed against him and filed numerous trouble tickets and complaints to the Governor, Superintendent LaManna, Commissioner Annucci, Chief officer of special investigations, and the Deputy Commissioner of Programs Jeff McCoy. (et al.)

(b) The plaintiff wouldn't have this fraud cease and desist and instead it would intensify.

## III. Food Bacterial Poisoning

(247) When the Plaintiff first arrived he was placed in quarantine for 72 hours.

(248) Within that time the plaintiff would be brought multiple meals by Inmate Porters with some bacterial agent mixed in meant to make him sick.

(a) **note**: This would be done in Auburn Correctional Facility also.

(b) The plaintiff knew these incarcerated individuals were being forced to do this by the State as he felt somewhat convicted rapist.

(c) The plaintiff knows that these incarcerated individuals do not have access to biological agents but the medical Department might.

(d) Also the plaintiff would receive the only tray with this bacteria in it to make him sicker and no one else quarantined that he could see or hear.

## IV. Meshall/Bacterial Poisoning

(249) When Medical Staff saw that the plan didn't work while the plaintiff was in cell alone, they then decided to place bacterial agents in multiple different pans of mess hall food items.

(a) **note:** The plaintiff's gallery on days he went to the mess hall would be the last to eat, ensuring that the  Food Service Administrator and the Medical Department didn't have to contaminate too much food and people!

(b) Some incarcerated individuals already knew not to eat.

(250) Foods contaminated included tomato  sauces, bean sauces, milks etc., mostly things catering to a vegetarian diet.

(251) At some point the plaintiff would stop attending the mess hall altogether and would put the extra burden on his loved ones to send money for commissary and food packages from home.

(252) Upon seeing the plaintiff not attending the mess hall he would now be quarantined and keep- locked with loss of all privileges on multiple occasions for illegal and or nonsensical reasons.

(a) This was done to deplete the plaintiff's food supply and force him to eat the State's food.

(253) Sometime in August 2021, the plaintiff would send superintendent LaManna evidence of the intentional food bacterial poisoning and ask her to investigate and correct these issues.

(254) Superintendent LaManna would never respond and or see to it that these issues stop altogether.

(255) The plaintiff would remain sick trying to avoid the best he could the States attempt to make him sicker.

(256) The plaintiff would also be illegally quarantined and moved to a secluded Gallery where his in cell water was in fact hurting him.

(257) He would again complain about this extended quarantine and intentional sickening and received no aid or correction by Superintendent LaManna, Commissioner Annucci &/or the Chief Medical Officer.

(258) The plaintiff was only made to suffer.

## V. Notary Denial/Lawsuit Dismissal/Officer "Daniels"

(259) The plaintiff would be given a deadline to amend his 42 USC section 1983 lawsuit to identify the last remaining defendant. Harriott v. Annucci et al., 15-cv-6135 (WDNY)

(a) The judge by this time had dismissed every defendant (20 in total) except for an officer "Daniels" who could not be properly identified by the Attorney General's office.

(b) The plaintiff was told this was the officer's name when he asked him directly Cir. 2012 - 2013.

(260) The plaintiff would consistently be denied notary services.

(261) The plaintiff would notice on numerous occasions officer "Daniels" talking to other officers and then leering at the Plaintiff menacingly.

(a) The plaintiff would be harassed by Officer "Daniels" on one occasion and expose the fact the plaintiff knew who he was and he was suing him, thereafter the plaintiff would never see him again.

(262) Around this time the plaintiff's lawsuit would be dismissed with prejudice by Judge Siragusa for failure to amend the "Daniels claim."

(263) The plaintiff could not identify "Daniels" as he never wears a name tag and lies about his identity.

(264) The plaintiff would write the court directly about this conspiratorial plot to get his lawsuit dismissed. to wit the court would never respond.

**VI. ASAT Programming 10 Building**

(265) In November 2021, the plaintiff would attend ASAT one time.

(a) **note**: ORC Cordon was holding it in 10 building and not the school building where it is normally held.

(266) The plaintiff would never receive a program card with a start date.

(267) The plaintiff would inquire into why ASAT was different for him than the rest of the general population to Superintendent LaManna.

(268) Shortly after he would be transferred to Ossining Correctional Facility having attended ASAT once.

(a) The plaintiff knew from Southport Correctional Facility that he wasn't getting credit for his ASAT participation and some fraud or scheme was being committed against him & this is why he was being secluded from actual programming.

(b) The plaintiff would do approximately two more years in prison because of these program scams that continued until his sentence was over.

**VII. Good Time Denial/Retaliation**

(269) Sometime in November 2021, plaintiff would be summoned to 11 building on the second floor to see the T.A.C. ( time allowance committee)

(a) Prior to this hearing he would be intentionally obstructed /hindered from receiving assistance to retrieve the necessary documents he needed for this hearing by an ORC Hill.

(b) He would request and pay for a copy of the video depicting this obstruction but would never receive the video and actually have his money returned to him. (FOIL voided)

(270) The plaintiff would convey that to the three members of the TAC and was told "we were beyond that."

(271) The plaintiff then tried to introduce evidence into the fraudulent process that led him to TAC and they would not even look at the plaintiff's evidence.

(272) The plaintiff would receive an arbitrary and retaliatory decision of revocation of all of his good time, albeit all was not recommended.

(273) Superintendent LaManna would affirm this decision and thereafter Commissioner Annucci on December 9th 2021.

(274) Because of these actions &/or inactions the plaintiff was made to spend close to the next two years in State prison.

(275) He would later be transferred to his last prison Sing Sing Correctional Facility.

**Sing Sing C.F. 2021-2023 Writ & Parole Manipulation/Illegal Detention**

(276) On December 7, 2021, plaintiff would receive notice that he had an "upcoming Parole Board" hearing from SORC Dyer.

(a) **note:**To the plaintiff's knowledge this couldn't have been a reconsideration hearing as he didn't receive a decision from the Commissioner until December 9, 2021. Therefore there was nothing yet to be re-considered.

(277) On January 11, 2022, the plaintiff would go before what he believed to be a parole board to pick up his decision.

(a) The plaintiff was told that his papers only would go before the board and he would not attend.

(278) The plaintiff was told he would not be granted parole but he could appeal and was given a form to do so in Albany.

(a) The plaintiff found a different address to appeal to in West law and decided to send it to that address that "must" be used.

(279) The plaintiff would appeal to the New York State Division of Parole and it would be returned to sender unopened.

(280) The plaintiff would continue to write the New York State Board of parole for some time and would eventually receive a response that they didn't have jurisdiction for his appeal.

(281) The plaintiff now realized that fraud /misrepresentation had been committed against him and started to complain to government officials like Governor Hochul and Attorney General Letitia James. (et al.)

(282) The plaintiff would then put together a joint motion for a special proceeding and writ of habeas corpus under NY CPLR Article 78 and 70.

(a) This motion was notarized and sent by March 14, 2022. ( 3 months after the Commissioners decision to deny TAC)

(283) The plaintiff's motion would continuously be returned by Westchester County's clerk for defective filing.

(a) By this time in the plaintiffs sentence he had filed close to a dozen article 78 proceedings.(inter alia)

(284) The plaintiff would continuously tailor his motion to the clerk's desires.

(285) It would now solely be a writ of habeas corpus seeking immediate release from prison.

(286) The plaintiff would now receive mail relative to his writ from different courts; addressed to different inmate identification numbers; with different named defendants and with judges not in jurisdiction to the court.

(a) this writ of habeas corpus was actually against NYSDOCCS Commissioner Daniel F. Martuscello; Marilyn Kopp, Superintendent of Sing Sing Correctional Facility; Tina Stanford, Chair Woman, Board of Parole; and Amy LaManna, Superintendent of Five Points Correctional Facility.

(b) Now the heading on the plaintiff's motion solely reads against NYSDOCCS Commissioner Daniel F. Martuscello; Marilyn Kopp, Superintendent of Sing Sing Correctional Facility.

(287) This motion litigates some of the same actions in the writ of habeas corpus from prior facilities.

**II. ASAT Denial/Misrepresentation/Illegal Detention**

(288) In March 2022, the plaintiff would be enrolled in ASAT programming.

(a) **note:** The reason given in the report of the time allowance committee for denial of all good time was because the plaintiff was unable to complete "ASAT + ART due to continued excessive discipline."

(b) To the plaintiff's knowledge he was supposed to receive a completion in approximately one month from the time he had been in the Southport Correctional Facility step down program.

(289) The plaintiff would complete this program through all the interested parties hindering and blocking his completion.

(a) The plaintiff received his completion on July 14, 2022.

(290) The plaintiff would also complete his ART program shortly thereafter.

(291) The plaintiff would now write to SORC Regisford and Superintendent M. Capra regarding reconsideration of his good time.

(292) His request would be denied by SORC Regisford.

(293) The plaintiff would complain to Jeff McKoy Deputy Commissioner for program services and NYS Governor Kathy Hochul regarding the arbitrary and capricious process that was keeping him detained illegally.

(294) The plaintiff would receive letters from Jeff McKoy telling him he had to continue in the ASAT program for a new completion date, but he would not receive reconsideration for release as that had already been denied.

(295) The state was using these programs against the plaintiff for other nefarious means, and that is the only reason they wanted him to go back after completion.

(296) The plaintiff would be forced to sit in prison to his maximum release date as his writ of habeas corpus too was being obstructed, hindered and /or misrepresented.

**III. JPay Conspiracy to Commit Fraud & Propaganda to effect harm on Plaintiff**

(297) The plaintiff on different occasions would log in to his JPay account on the kiosk and see messages from people he didn't know and or approved for contact.

(a) This would cause the plaintiff some concern he would write the captain about this to no response.

(298) The plaintiff thereafter tried to log into both of the kiosk stations that were side by side.

(a) The plaintiff wanted to see if he had multiple accounts and/ or could someone access his account in real time for manipulation and /or spying.

(299) The plaintiff was allowed dual access simultaneously.

(300) The plaintiff would send a trouble ticket to JPay Incorporated about the security breach.

(a) **note:** The plaintiff was only allowed to send one trouble ticket at a time until it was resolved even if he had multiple issues.

(301) He would not receive a response relative to correcting the issue he complained about. This would happen multiple times.

(302) The plaintiff was in fear of his and his loved one's safety.

(303) The plaintiff decided to opt out of the tablet program and filled out the necessary form and gave his tablet to a sergeant for processing.

(304) Sometime after that the plaintiff would contact JPay and ask them if they received their tablet back.

(305) They would ask the plaintiff for a tracking number in order to track the tablet.

(306) The plaintiff would not be given any tracking number which he would inquire into Superintendent Capra, Superintendent M. Kopp, Deputy Commission of Correctional Facility Joseph H Noeth, and Commissioner Anthony Annucci about its whereabouts.

(a) The plaintiff would receive no response and or correction to his issues.

(307) The plaintiff would now have to opt back into the tablet program although he was never officially opted out.

(a) The plaintiff figured at least this way he would be in possession of his tablet.

(308) The plaintiff would be without his tablet for many months.

(309) The plaintiff would contact JPay and tell them due to the circumstances that he was deleting all his messages, videos and photos from the kiosk and could they save it on their end.

(a) To the plaintiff's knowledge JPay was doing this.

(310) When the plaintiff eventually received his tablet back they would have to be re-exchanged because they were already assigned to another inmate; couldn't sync; didn't have any apps (only radio); and/ or they were deleting the plaintiff's music when he did sync it.

(a) The plaintiff could deduce that people were sending messages to and from the plaintiff's account without his consent when a sergeant giving him a new tablet told him don't opt out or send messages but just "stick it in the corner."

(b) The plaintiff could also deduce from correctional officers Lowe and Cunningham pulling mace out on the plaintiff and wanting to steal his tablet from him. saying that I was from the "Bronx" and that I "put a hit out on somebody" but I was not "even like that" and they were "going to kill me out there."

(c) Cunningham would also say that I'm putting you in for a "psych evaluation." This could be because somebody was sending messages that could cause life-threatening problems for the plaintiff.

(311) On different occasions the plaintiff would be approached in an unprofessional sexual flirtatious manner by male correctional officers as if he was a homosexual male.

(a) The plaintiff is extremely quiet and to himself the most reasonable way to spread such disinformation on the plaintiff would be through an additional tablet with false messages.

(b) The plaintiff could also deduce this from logging into his JPay account on multiple occasions and seeing items in his music cart that he never put there.

(c) Also on multiple occasions he was not allowed to change his password.

(d) He also caught the facility locking him out of his tablet externally.

(312) The plaintiff would also write to the DOJ (Department of Justice) about his safety that this propaganda was causing and could they intervene.

(313) He would receive unprofessional looking letters back from the DOJ unresponsive to anything he wrote them about.

(314) The plaintiff would also overhear that he was a gang member and he was the "Top op."

(a) This means the most sought after person to be killed.

(b) The plaintiff may have foiled the conspiracy by the government by writing to numerous unknowing government agencies about issues relating to this.

(c) The plaintiff is still a victim of this foiled conspiracy plot and is being retaliated against even in the free world via assistance, housing, employment, driving privileges, banking/ credit, etc.

(315) The plaintiff would contact the Deputy Superintendent of Security; Governor Hochul; JPay Inc.; the BBB ( Better Business Bureau); and Commissioner Annucci, about these issues and would be ignored and have his problems persist.

(243) The plaintiff would learn when he left prison and spoke to a JPay representative on March 19, 2024, that his loved ones were supposed to still be able to view the messages they sent the plaintiff.

(316) The plaintiff saw for himself that his loved ones' messages were gone which is another accumulative nugget to this conspiracy to commit bad acts against him.

## IV. Continuous Sickening via Food/Drink with Bacterial Agent/Indifference

(317) On numerous occasions the  plaintiff's food and drink would be laced with some bacterial agent /toxin that would cause him immense pain and discomfort.

(a) Foods that hurt the plaintiff included but are not limited to barbecue sauce; onions; bananas; ice; water; Chickpeas; peanut butter; and religious meals. (cabbage, rice & peas)

(b) These Foods would cause heart pain; extreme congestion; migraines; throat irritation; bloody mucus; partial paralysis; tingling in extremities etc.

(318) The plaintiff on different occasions due to these acts will lose his ability to walk.

(319) On one occasion the pain was so great that he had to go to emergency sick call

(320) Because the plaintiff did not trust to stay in medical "indefinitely" with none of his "property" when he had ongoing legal proceedings he was made to hop back to his housing unit on one foot of three flights of stairs.

(321) The plaintiff asked for a cane or wheelchair and was told no by medical and Correctional staff.

(322) On numerous occasions also the plaintiff would see doctors and nurses coming from the visiting /package room area when the plaintiff had a visit.

(323) On these occasions the plaintiff would be hurt by the food left by his visitors.

(a) Commissioner Annucci knew through the plaintiffs' complaints that he figured this conspiracy out and discontinued all packages from home to avoid using the plaintiff's family and friends as co-conspirators.

(b) The plaintiff would also have his commissary purchase food laced with bacteria and /or toxins.

(324) The plaintiff would also be falsely quarantined to affect intentional poisoning/ sickening on his food by Dr Parker.

(a) When quarantined the plaintiff was told that you can only take "one bag for legal and toiletries."

(b) The plaintiff would be quarantined on a tip for contact tracing shortly before he was quarantined for covid testing refusal.

(c) The plaintiff had good right and physical evidence on why he shouldn't trust these "medical professionals."

(325) The plaintiff would also request his medical records from the Nurse Administrator Roa and would never be responded to after numerous follow-ups.

(a)The plaintiff would catch another bug shortly after this request.

(326) The plaintiff would contact numerous people in hopes to get this conspiracy of bad acts halted against him by exposing said practices.

(327) He would write to State Commissioner Thomas J. Loughren; Chief Medical Officer C. Moores; the Facility Health Service Director, Sing Sing Correctional Facility; Assistant Deputy Superintendent Carysma C. Smith; Superintendent M. Kopp; and inform multiple Correctional staff members of his condition.

(328) His complaints would go unanswered and unresolved and the plaintiff will continue to suffer from these cruel acts with impunity.

(329) The plaintiff still suffers from his ailments to date.

**V. Obstruction of Writ of Habeas Corpus/ Illegal Detention**

(330) On or around March 14, 2022, the plaintiff would notarize a joint motion for a NY CPLR article 70 and 78 motion seeking his immediate release from prison and restoration of his good time.

(331) The plaintiff would continuously have his motion return to him for defective filing even after he corrected the defects.

(332) The plaintiff would notice that the court would on different occasions post mail to him from &/or with a different courts emblem than the one he filed in; display a completely different identification number than his; address him by a different name; address defendants by different names; have three different attorneys representing the state; have a judge assigned to the case in a different jurisdiction; and delete defendants from the case heading. (inter alia)

(333) The plaintiff would go close to 2 years without having his motion pass the ground stages.

(a) The plaintiff was seeking immediate release from prison.

(334) Upon leaving prison the plaintiff would contact the clerk to the judge in his case.

(335) He would be told by the clerk that we sent "you papers to the prison you're at."

(336) When the plaintiff would inform her he was released and would like to come to the court, he would be told "NO! under no circumstances can you come to the court, everything would be mailed to you."

(337) The plaintiff could deduce from this conversation that fraud was in fact being committed against him.

(338) The plaintiff decided to contact the attorney representing the state in this case Terrence K. DeRosa.

(339) Mr. DeRosa would tell the plaintiff that "he" would give him more time to respond to the motion to dismiss that he overnighted to the plaintiffs without being given it.

(340) He would also tell the plaintiff not to contact the court "I will do it for you."

(341) The plaintiff would research this attorney to see if he was official.

(342) The plaintiff would find him and his picture on LinkedIn.

(343) Shortly after Mr. DeRosa would remove his profile picture from linkedin.

(a) The plaintiff could deduce from Mr DeRosa's actions that he too knew fraud was being committed against the plaintiff.

(344) Commissioner Martuscello; Superintendent M. Kopp; Chairwoman Board of parole Tina Stanford & Superintendent Amy LaMannaNew or should have known that the motion against them was fraudulent and to their benefit.

(345) This motion ensued.

## FIRST CAUSE OF ACTION FOR DENIAL OF THE RIGHT TO THE FREEDOM OF SPEECH AND DUE PROCESS OF LAW IN VIOLATION OF THE FIRST, FIFTH AND THE FOURTEENTH AMENDMENTS

(346) The plaintiff repeats and realleges all of the allegations set for the facts section above.

(347) At all times relevant herein, the conduct of all defendants were subject to 42 USC sections 1983, 1985, 1986 and 1988.

(348) At all times herein, defendants were acting under the color of law and were officials of the State of New york, when the plaintiff's rights, privileges or immunities secured by the United States Constitution or by federal law were denied.

(349) At all times herein, defendants conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United states.

(350) The defendants acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

(351) Defendants NYSDOCCS Commissioner Anthony Annucci; Superintendent P. Chappius; Superintendent D. Ulher; Superintendent M. Kirkpatrick; Deputy Superintendent of Programs McIntosh; Superintendent C. Miller; Acting Director of SHU A. Rodriguez; New York District Attorney Cyrus R. Vance; Superintendent Piccolo; Superintendent Amy Lamana; Superintendent M. Kopp; NYSDOCCS Commissioner Daniel Martuscello; and Chairwoman Board of parole Tina Stanford violated the plaintiffs rights, conspired with others who violated the plaintiff's rights, and /or was indifferent to his right to the due process of law and freedom of speech via plaintiffs right to freely access the courts with proper access to the law library and notary public.

(352) Said aforementioned defendants were made aware and knew or should have known that fraud, misrepresentation and or misconduct was being committed against the plaintiff in lawsuits he had against them which violated his rights.

(353) The actions and /or inactions of the defendants violated the plaintiff's right to the due process of law and freedom of speech which caused him to suffer numerous civil rights violations without actual recourse.

(354) Defendants Bruce A. Hidley,Albany County & Supreme County Clerk; Correctional Officer Wilson; Correctional Officer Lagree; Tricia Robarge, Washington County & Supreme County Clerk; IGPS D. Wilcox; Director of IGP S. Malozzi;  Law Library Supervisor, Five Points Correctional Facility; SORC Dyer; Superintendent M. Capra; Westchester County Principal Law Clerk Melissa Benjamin; SORC Regisford; Jeff McKoy Deputy Commissioner; and Assistant Attorney General, Terrance K. DeRosa violated the plaintiff's rights, conspired with others who violated the plaintiff's rights and or was indifferent to his right to the due process of law and freedom of speech via plaintiff's right to freely access the courts, the grievance program, law library and /or notary public.

(355) Said defendants were made aware by the plaintiff that his aforementioned rights were being violated by them and/ or, someone else they had power over to correct.

(356) Because of the actions and /or inactions of all the defendants to this claim the plaintiff would be forced to serve out his entire sentence of 13 years; serve close to a decade in SHU and keep-lock confinement; be denied numerous privileges and rights without fair and actual recourse, and be made to go through unnecessary pain and suffering from multiple infections and physical assaults.

(357) Because of the fraud, obstruction, misrepresentation and /or misconduct of the defendants the plaintiff in some cases could not exhaust and /or get a fair and actual adjudication for his grievances. To continue to seek administrative recourse under these circumstances would be futile.

(358) Wherefore, the plaintiff requests that this court grant judgment against the defendants on each cause of action for damages in excess of the jurisdictional limits of the lower courts and adequate to compensate him for his injuries, together with the  costs and disbursements of this action.

## SECOND CAUSE OF  ACTION FOR CRUEL AND UNUSUAL PUNISHMENT AND FAILURE TO PROTECT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS

(359) The plaintiff repeats and  realleges all of the allegations set for the facts section above.

(360) At all times relevant herein, the conduct of all defendants were subject to 42 USC sections 1983, 1985, 1986 and 1988.

(361) At all times herein, defendants were acting under the color of law and were officials of the State of New york, when the plaintiff's rights, privileges or immunities secured by the United States Constitution or by federal law were denied.

(362)  At all times herein, defendants conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United states.

(363) The defendants acts were the proximate cause of the injuries and  consequent damages sustained by the plaintiff.

(364) Defendants Nurse Northrop;Nurse Administrator of Elmira Correctional Facility; Facility Health Service Director of Elmira Correctional Facility; Nurse Jane Doe #1 of Elmira Correctional Facility; Superintendent Chappius; Facility Health Service Director of Clinton Correctional Facility; Nurses Administrator of Clinton Correctional Facility; correctional officer John Doe #1 of Clinton Correctional Facility; Superintendent Kirkpatrick; Facility Health Service Director of Great Meadow Correctional Facility; Nurses Administrator of Great Meadow Correctional Facility; Dr. Karandy; Dr. Ted; Superintendent C. Miller; Facility Health Service Director of Upstate Correctional Facility; Nurses Administrator of Upstate Correctional Facility; Correctional Officer John Doe #2 of Upstate Correctional Facility; Superintendent D. Ulher; Nurse Gould; Facility Health Service Director of Southport Correctional Facility; Food Service Administrator D. LaDoue; Nurses Administrator of Southport Correctional Facility; Superintendent Piccolo; Deputy Superintendent of Programs Reinhart; First Deputy Superintendent Bartlett; Facility Health Service Director of Auburn Correctional Facility; Nurses Administrator Auburn Correctional Facility; Superintendent McCarthy; First Deputy Superintendent Donahue; Deputy Superintendent of Security Corey; Deputy Superintendent of Health of Auburn Correctional Facility;  Nurses Administrator Roa; Dr. Parker; Facility Health Service Director of Ossining Correctional Facility; Assistant Deputy Superintendent Carysma C. Smith; Superintendent M. Kopp; Superintendent M. Capra; Chief Medical Officer C. Moores; State Commissioner Thomas j. Loughren; Chief Medical Officer C. Koenigsmann; NYSDOCCS Commissioner Anthony J. Annucci; New York State Governor Kathy Hochul; Superintendent Amy LaMana; Facility Health Service director of Five Points Correctional Facility; Nurses Administrator of Five Points Correctional Facility; and f Food Service Administrator of Five Points Correctional Facility would all conspire to infect and/ or be indifferent to his

infection(s)/infecting and failed to protect him from further cruel and unusual punishment in multiple correctional facilities over the span of close to a decade.

(365) Said aforementioned defendants were made aware either through direct evidence of the bacteria; continuous complaints from the plaintiff via correspondence or orally. Due to the volume of the defendants it is more reasonable to believe they conspired to infect and /or leave the defendant to suffer through his infection and multiple more than to just cure the defendant and /or allow him to see an outside specialist for said cure they couldn't and /or wouldn't produce.

(366) Defendants Dr Ted and Dr Karandy (et al.) would prescribe the plaintiff ineffective medication instead of what physically worked already in the past as he made them aware of alongside other aforementioned defendants.

(367) The defendants knew or should have known that to leave the defendant with an infection and compound it with more disease would cause the plaintiff unnecessary pain and suffering.

(368) Because of the actions and /or in actions of the defendants the plaintiff would be forced to suffer through immense continuous ongoing pain and suffering that includes but is not limited to: extreme nasal congestion; labored breathing; extreme throat soreness; extreme migraines; bloody mucus; extreme weight loss; diarrhea; psychological stress and fear; inability to walk (partial paralysis); extreme body pains; complete loss of voice (extreme hoarseness); tightness in throat; heart pains; stomach aches; dry cough; mouth numbness; bacterial infections; and uncomfortable tingling and extremities.

(369) The plaintiff was proactive in exhausting his administrative remedies amidst all of the obstruction, hindrance, fraud, misrepresentation and misconduct being committed by the defendants, (et al.) that he even filed a writ of certiorari in the United States Supreme Court raising these issues that to his knowledge was misrepresented, hindered, obstructed or fraudulent.

(370) Wherefore, the plaintiff requests that this court grant judgment against the defendants on each cause of action for damages in excess of the jurisdictional limits of the lower courts and adequate to compensate him for his injuries, together with the  costs and disbursements of this action.

## II. HATE CRIMES/ASSAULT FOR FREE SPEECH/CRUEL PUNISHMENT

(371) Defendants Sergeant Vesneske; Nurse Travers; Correctional Officer Labombard; Superintendent D. Ulher; Nurse Administrator of Upstate Correctional Facility; Correctional Officer B. Brand; Correctional Officer W. Garland; Correctional Officer LaVarnway; Correctional Officer E. Holland; Nurse Rabideau; Superintendent M. Kirkpatrick; The Extraction Team; Captain Delutis; Superintendent C. Miller; Correctional Officer K. LaDuke; Correctional Officer N. Locke & the NYSDOCCS  Commissioner Anthony Annucci would either physically attack the plaintiff because of his race; aid the plaintiff in getting attacked because of his race; conspired with individuals to attack the plaintiff because of his race; attack the plaintiff in retaliation to his freedom of speech; conspired to help cover up all these attacks; failed to protect the plaintiff from these attacks and /or were indifferent of the plaintiff being attacked for and or not for his race.

(372) Defendants Superintendent Ulher; Superintendent Kirkpatrick; Superintendent Miller; & NYSDOCCS Commissioner Annucci were made aware by plaintiff through correspondence, grievance and /or family and friend complaints that the plaintiff was being attacked by prison staff because of his race and /or his freedom of speech. These defendants would fail to protect the plaintiff and /or, be indifferent to the plaintiff's safety, and the assaults would be continuous.

(373) The defendants knew or should have known that to physically assault someone because of their race and/or use of freedom of speech was unconstitutional and would harm and humiliate the plaintiff.

(374) Because of the actions and /or inactions of the defendants the plaintiff would suffer through a dislocated shoulder; bruised ribs; multiple contusions; coughing up blood; body pains; psychological torture; gassing causing wretching and temporary blindness; numbness in mouth and nose etc.

(375) The plaintiff was proactive in exhausting his administrative remedies amidst all the obstruction, hindrance, fraud, misrepresentation and misconduct being committed by defendants. (et al.)

(376) Wherefore, the plaintiff requests that this court grant judgment against the defendants on each cause of action for damages in excess of the jurisdictional limits of the lower courts and adequate to compensate him for his injuries, together with the costs and disbursements of this action.

## THIRD CAUSE OF ACTION FOR RETALIATION FOR FREE SPEECH IN VIOLATION OF THE FIRST AMENDMENT

(377) The plaintiff repeats and realleges all of the allegations set for the facts section above.

(378) At all times relevant herein, the conduct of all defendants were subject to 42 USC sections 1983, 1985, 1986 and 1988.

(379) At all times herein, defendants were acting under the color of law and were officials of the State of New york, when the plaintiff's rights, privileges or immunities secured by the United States Constitution or by federal law were denied.

(380) At all times herein, defendants conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United states.

(381) The defendants acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

(382) Defendants NYSDOCCS Commissioner Anthony j. Annucci; Superintendent P. Chappius; Chief Medical Officer, C. Koenigsmann; Superintendent D. Ulher; Superintendent Kirkpatrick; Deputy Superintendent of Programs McIntosh; Superintendent C. Miller; Director of SHU A. Rodriguez; Commissioner of OMH, Anne T. Sullivan; New York District Attorney Cyrus R. Vance Jr.; Superintendent P. Piccolo; Governor Kathy Hochul; Superintendent Amy LaMana; Deputy Commissioner Jeff McKoy; Superintendent M. Capra; NYSDOCCS Commissioner D. Martuscello & Superintendent M. Kopp violated the plaintiff's rights and /or was indifferent to his rights to the freedom of speech without reprisals.

(383) Said aforementioned defendants knew the plaintiff had filed formal complaints and litigation against them. Because of the litigation and complaints to outside federal and state courts and agencies, each of the defendants would encourage, shirk and /or turn a blind eye to their responsibilities, and allow the plaintiff to suffer cruel and unusual punishments (inter alia) at their hands and/ or the hands of their employees and /or underlings fully aware that the plaintiff was being physically and psychologically injured due to these viral, verbal and physical attacks.

(384) The actions and /or inactions of the defendants violated the plaintiff's right to his freedom of speech without the fear of reprisals and caused him to suffer numerous civil rights violations without administrative and /or actual recourse.

(385) Wherefore, the plaintiff requests that this court grant judgment against the defendants on each cause of action for damages in excess of the jurisdictional limits of the lower courts and adequate to compensate him for his injuries, together with the costs and disbursements of this action.

## FOURTH CAUSE OF ACTION FOR CONSPIRACY AGAINST RIGHTS IN VIOLATION OF THE FIRST, EIGHTH AND FOURTEENTH AMENDMENTS

(386) The plaintiff repeats and realleges all of the allegations set for the facts section above.

(387) At all times relevant herein, the conduct of all defendants were subject to 42 USC sections 1983, 1985, 1986 and 1988.

(388) At all times herein, defendants were acting under the color of law (Excluding any private companies employed by the State for their services but acting criminally conspiratorially with the

state) and were officials of the State of New york and /or Incorporated in another state doing business in New York, when the plaintiff's rights, privileges or immunities secured by the United States Constitution or by federal law were denied.

(389)  At all times herein, defendants conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United states.

(390) The defendants acts were the proximate cause of the injuries and  consequent damages sustained by the plaintiff.

(391) Defendants NYSDOCCS Commissioner Anthony J. Annucci; Superintendent D. Ulher; Superintendent T. McCarthy; Superintendent Amy LaMana; Superintendent M. Capra; Superintendent M. Kopp; Jpay CEO Ryan Shapiro; & Jpay CEO Errol Feldman would  conspire to violate the plaintiff's rights; cover up the conspiracy to violate his rights and/ or turn a blind eye to those they knew were conspiring against the plaintiff's rights.

(392) Said aforementioned defendants were made aware by the plaintiff orally and /or by numerous correspondence that fraud, slander and /or a conspiracy to commit fatal harm to the plaintiff via lies, propaganda, disinformation, and defamation using false secure messaging, photos and /or video messaging to spread false information about the plaintiff and his views.

(393) The plaintiff would inform the defendants that his account was breached; he was able to log into two kiosk simultaneously under one account number; he was able to log in from multiple different buildings in the facility without waiting the 24 hours for it to transfer; numerous tablets he received and exchange were assigned to other inmates even before syncing; he was receiving messages from people he didn't know; he would have items in his music cart he didn't

place there; his tablet could be locked externally; the kiosk wouldn't allow him to change his

password; the kiosk only allowed him to send one trouble ticket; Correctional staff continuously

wouldn't let him out for the kiosk to check his trouble tickets; he would be approached

flirtatiously by correctional officers whom appeared to be homosexual; he would be approached

menacingly for violence by prison guards and incarcerated individuals alike as if he challenged

them and or disrespected them in some way unbeknownst to him; he would be libeled as a

sexual predator toward female staff and would be told he would die because of the hit he put out

on somebody from the "Bronx."(inter alia)

(394) Each defendant is the Chief Executive Officer in their respective field, Who oversees an

entire word force. It is then unreasonable to believe that an employee solely could set up a

technical way to have access to the plaintiff's tablet and/ or have an additional tablet in the

plaintiff's name and likeness without them knowing; conspiring; covering up said conspiracy and

or being wholly incompetent of their duties.

(395) Because of the defendant's actions and/ or inactions the plaintiff would suffer through

psychological trauma; would live under constant threat and fear; and develop a distrust for

people and government that is not conducive to today's society. The plaintiff mainly stays in his

home because of the defendant's conspiratorial actions.

(396) Wherefore, the plaintiff requests that this court grant judgment against the defendants on

each cause of action for damages in excess of the jurisdictional limits of the lower courts and

adequate to compensate him for his injuries, together with the  costs and disbursements of this

action.

## DEMAND FOR JURY TRIAL

(397) The plaintiff hereby demands trial by jury as to all issues.

Sworn to me this _29th_ day of

_March_, 20 _24_,

Notary Public

FELIX A UGBODE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01UG5031969
Qualified in Kings County
My Commission Expires: _02/20/27_

Respectfully,

Albert Harriott

Reg's ID # : 398 587 240

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | Civil Action No. |
| v. | ) | |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the | ) | |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Anthony Annucci, acting commissioner of the New York State Department of Corrections, located at office of the commissioner, building 2, State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES. Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C. Koenigsmann, Chief Medical Officer of the New York State Department of
Corrections, located at The Harriman State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

### BRENNA B. MAHONEY
*CLERK OF COURT*

Date: **03/29/2024**    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C. Moores, Chief Medical Officer of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Jeff McKoy, Deputy to the Commissioner of the New York State Department of
Corrections, located at The Harriman State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date: 03/29/2024

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ S. Malozzi, Director of the IGP of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

<table>
<tr><td>ALBERT HARRIOTT</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Officer with</td><td>)<br>)<br>)<br>)<br>)</td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td></tr>
</table>

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Daniel Martuscello was commissioner of the New York State Department of Corrections, located at office of the commissioner, building 2, State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  A. Rodriguez, Director of the SHU of the New York State Department of Corrections, located at The Harriman State campus in Albany, New York 12226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____
                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS: C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* P. Chappius, Superintendent of Elmira C.F., located at 1879 Davis st Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Facility Health Service Director of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**
_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Nurse Administrator of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date:  **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Dr. Karandy of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date: 03/29/2024

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Administrator of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

ALBERT HARRIOTT           )
                                           )
                                           )
                                           )

*Plaintiff(s)*             )       Civil Action No.
v.                            )
ANTHONY J. ANNUCCI, Acting Commissioner of the   )
NYSDOCCS;                         )
KATHY HOCHUL, Governor of the State of New York;   )
C. KOENIGSMANN, Chief Medical Officer with the     )
NYSDOCCS; C. MOORES, Chief Medical Officer with    )
*Defendant(s)*           )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Facility Health Service Director of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                                 *Server's signature*

                                                   _____
                                                                 *Printed name and title*


                                                   _____
                                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   C. Miller, Superintendent of Great Meadow C.F., located at 11739 NY-22, Comstock
NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____      _____
                             *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                               _____
                                              *Printed name and title*

                               _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No. 

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Nurse Rabideau of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   The Extraction Team Corrections Officers of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❐ I returned the summons unexecuted because _____ ; or

    ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

<table>
<tr><td>ALBERT HARRIOTT</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Officer with</td><td>)<br>)<br>)<br>)<br>)</td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td></tr>
</table>

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LaGree Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Wilson Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* E. Holland Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ LaVarnway Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) | |
| NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the | ) | |
| NYSDOCCS: C. MOORES, Chief Medical Officer with | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  John Doe#1 Corrections Officer of Clinton C.F., located at 1156 Cook st., Dannemora
NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date:  **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS: C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* McIntosh Deputy Superintendent of Clinton C.F., located at 1156 Cook st., Dannemora
NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) | |
| NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the | ) | |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Captain Delutis of Clinton Annex C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT ) <br> ) <br> ) <br> ) <br> _____ ) <br> *Plaintiff(s)* ) <br> v. ) <br> ANTHONY J. ANNUCCI, Acting Commissioner of the ) <br> NYSDOCCS; ) <br> KATHY HOCHUL, Governor of the State of New York; ) <br> C. KOENIGSMANN, Chief Medical Officer with the ) <br> NYSDOCCS; C. MOORES, Chief Medical Officer with ) <br> *Defendant(s)* ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Nurse Administrator of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Facility Health Service Director of Clinton C.F., located at 1156 Cook st., Dannemora
NY, 12929


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**      _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  M. Kirkpatrick Superintendent of Clinton C.F., located at 1156 Cook st., Dannemora NY, 12929

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Nurse John Doe of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

|  |  |  |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) | |
| NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the | ) | |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) | ， |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Jane Doe of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT <br><br> *Plaintiff(s)* <br> v. <br> ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; <br> KATHY HOCHUL, Governor of the State of New York; <br> C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Officer with <br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Northrop of Elmira C.F., located at 1879 Davis st. Elmira NY, 14901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ K. LaDuke, Corrections Officer of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) | |
| NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the | ) | |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Dr. Ted of Great Meadow C.F., located at 11739 NY-22, Comstock NY, 12821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Travers of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

|  |  |
|---|---|
| ALBERT HARRIOTT | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Administrator of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Facility Health Service Director of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS: C. MOORES. Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  D. Ulher, Superintendent of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Nurse Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Food Service Administrator of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Facility Health Service Director of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Amy LaMana, Superintendent of Five Points C.F., located at 6600 State Rte. 96, Romulus NY, 14541

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Administrator of Auburn C.F., located at 135 State st. Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

|  |  |
|---|---|
| ALBERT HARRIOTT | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Deputy Superintendent of Health of Auburn C.F., located at 135 State st. Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Corey, Deputy Superintendent of Security of Auburn C.F., located at 135 State st.
Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ First Deputy Superintendent of Auburn C.F., located at 135 State st. Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Facility Health Service Director of Auburn C.F., located at 135 State st. Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* T. McCarthy, superintendent of Auburn C.F., located at 135 State st. Auburn, NY 13024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Officer with | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Gould of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) | |
| KATHY HOCHUL, Governor of the State of New York; | ) | |
| C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nurse Administrator of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024** _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

|  |  |
|---|---|
| ALBERT HARRIOTT | ) |
|  | ) |
|  | ) |
|  | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| *Defendant(s)* | ) |

Civil Action No. _____

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LaDoue, Food Service Administrator of Southport C.F., located at 236 Bob Masi Dr.
Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

|  |  |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Reinhart, Deputy Superintendent of Programs of Southport C.F., located at 236 Bob
Masi Dr. Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Bartlett, First Deputy Superintendent of Southport C.F., located at 236 Bob Masi Dr.
Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Facility Health service director of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* P. Piccolo, Superintendent of Southport C.F., located at 236 Bob Masi Dr. Pine City, NY 1487

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  N. Locke, Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* D. Wilcox IGPS of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT <br><br><br>_____ <br> *Plaintiff(s)* <br> v. <br> ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; <br> KATHY HOCHUL, Governor of the State of New York; <br> C. KOENIGSMANN, Chief Medical Officer with the <br> NYSDOCCS; C. MOORES, Chief Medical <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* W. Garland Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

### BRENNA B. MAHONEY
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT<br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* B. Brand Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  LaBombard Corrections Officer of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Vesneske Sergeant of Upstate C.F., located at 309 BareHill Rd., Malone NY, 12953

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

<table>
<tr><td>ALBERT HARRIOTT</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td>ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Of</td><td>)<br>)<br>)<br>)<br>)</td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td></tr>
</table>

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Errol Feldman, Chief Executive Officer of Jpay Inc. located at 3450 Lakeside Drive, Suite 100, Miramar, FL 33027

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Ryan Shapiro, Chief Executive Officer of Jpay Inc. located at 3450 Lakeside Drive, Suite 100, Miramar, FL 33027

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) ) ) ) ) |
| _____ *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS: C. MOORES, Chief Medical Of _____ *Defendant(s)* | ) ) ) ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Tricia Robarge WashingtonCounty & Supreme Court Chief Clerk located at 383 Broadway, Fort Edward, NY 12828

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: **03/29/2024**                                        _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT <br><br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Of<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Bruce A. Hidley, Albany County & Supreme Court Chief Clerk located at 16 Eagle st.
Albany, NY 12207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Thomas J. Loughren, was the State Commissioner of Correction located at 80 south swan st. 12th floor, Albany, NY 12210

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Tina Stanford was the Chairwoman of the Board of Parole located at Central Office NYS Division of Parole, 97 Central Ave. Albany, NY 12206

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**    _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT<br><br><br><hr>*Plaintiff(s)*<br>v.<br>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Of<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Anne T. Sullivan was the Commissioner of the Office of Mental Health located at 44 Holland ave. Albany, NY 12229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) <br> ) <br> ) <br> ) <br> ) |
| _____<br>*Plaintiff(s)* | ) <br> ) |
| v. | )    Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;<br>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS; C. MOORES, Chief Medical Of<br>*Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kathy Hochul was the Governor of the State of New York located at the State Capitol,
Albany, NY 12224

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| ALBERT HARRIOTT | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; KATHY HOCHUL, Governor of the State of New York; C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS: C. MOORES, Chief Medical Of | ) ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Parker, Medical Doctor of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

ALBERT HARRIOTT )
)
)
)
_____ )
*Plaintiff(s)* )
v. )    Civil Action No.
)
ANTHONY J. ANNUCCI, Acting Commissioner of the )
NYSDOCCS; )
KATHY HOCHUL, Governor of the State of New York; )
C. KOENIGSMANN, Chief Medical Officer with the )
NYSDOCCS: C. MOORES, Chief Medical Of )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Registord, SORC of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____
_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Dyer, SORC of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY

*CLERK OF COURT*

Date: 03/29/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    Roa, Nurse Administrator of Ossining C.F., located at 354 Hunter st. Ossining, NY
10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:    Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York
11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Facility Health Services Director of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )  Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  C. Smith, Assistant Deputy Superintendent of Ossining C.F., located at 354 Hunter st.
Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: **03/29/2024** _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

<table>
<tr><td>ALBERT HARRIOTT</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td>Civil Action No.</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td>ANTHONY J. ANNUCCI, Acting Commissioner of the<br>NYSDOCCS;</td><td>)</td><td></td></tr>
<tr><td>KATHY HOCHUL, Governor of the State of New York;<br>C. KOENIGSMANN, Chief Medical Officer with the<br>NYSDOCCS: C. MOORES, Chief Medical Of</td><td>)<br>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* M. Capra, Superintendent of Ossining C.F., located at 354 Hunter st. Ossining, NY 10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **03/29/2024**
_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| ALBERT HARRIOTT | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| ANTHONY J. ANNUCCI, Acting Commissioner of the | ) |
| NYSDOCCS; | ) |
| KATHY HOCHUL, Governor of the State of New York; | ) |
| C. KOENIGSMANN, Chief Medical Officer with the | ) |
| NYSDOCCS; C. MOORES, Chief Medical Of | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ M. Kopp, Superintendent of Ossining C.F., located at 354 Hunter st. Ossining, NY
10562

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff, Albert Harriott can be located at 1078 Prospect Place, Brooklyn, New York 11213

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date: **03/29/2024**

_Signature of Clerk or Deputy Clerk_